HENRY G. W. CRONISE, Appellant, v. JOHN KELLOGG, Appellee.

APPEAL FROM LA SALLE COUNTY COURT.

It is no defense to an action upon a bill of exchange that it was accepted for the accommodation of the drawer, of which the drawee had notice, and that time was given the drawer to make payment, by the drawee, after the maturity of the bill.

The acceptor of a bill of exchange is primarily liable to pay it, whether he has funds of the drawer in his hands or not. An accommodation acceptor is in the same position as one who accepts with funds, as to all persons who receive the bill for value.

The acceptor of a bill can never be discharged except by payment or a release, except in cases where to enforce the payment by the acceptor, would be in violation of the agreement of the parties at the time of the acceptance.

The holder of a bill of exchange is not under obligation to the acceptor to seek payment of it from any other party.

THIS was an action of assumpsit, brought in the La Salle County Court, at the December term, A. D. 1857, by appellee against appellant, on his acceptance of an inland bill of exchange, which purported to have been drawn at thirty days, for $500, by one Thomas M. Hobbs, in favor of appellee, and directed to and accepted by appellant.

The declaration contained a special count on the acceptance, and the common counts.

To which appellant (defendant below) pleaded,

1st. The general issue.

2nd. That appellant accepted said bill merely for the accommodation of said Hobbs, and for no other consideration whatever; that at the time of said acceptance, appellant had no effects of said Hobbs in his hands; of all which appellee had notice at the time of said acceptance, and at the time he received said bill. That afterwards, at, etc., on, etc., when said bill fell due, appellee received from said Hobbs $25, in part payment of said bill, and then and there, without the knowledge or consent of appellant, in consideration of one dollar paid by said Hobbs to appellee, extended the time of payment of said bill thirty days; by means whereof, appellant was wholly discharged from his liability as such acceptor.

Appellee demurred to said second plea; the court below sustained his demurrer.

Appellee then read in evidence the said bill and acceptance thereof; to the reading of which in evidence appellant objected, and the court below overruled his objection.

This was all the evidence in the case.

The trial was by the court; issues found for appellee, and damages assessed at $529.90. Motion for new trial overruled; appellant excepted : judgment rendered for $529.90 and costs; whereupon defendant prays an appeal.

W. H. L. WALLACE, for Appellant. Cited 2 Campbell R. 185 ; 3 ibid. 281 ; 2 Stark. R. 66 ; 3 Eng. Com. Law R. 361, 304, 419,.518, 531 ; 17 ibid. 366 ; Story on Notes, § 190 ; 1 Zabriskie R. 665 ; 8 Pickering R. 155 ; 2 Denio R. 621.

C. BLANCHARD, for Appellee.

An acceptor of a bill of exchange is primarily liable to the holder thereof. All the other parties are only collaterally liable ; and nothing but payment or release will discharge the acceptor, though it was accepted for the accommodation of the drawer, and the holder had notice that it was so accepted at the time he received the bill. *Barbary et al.* v. *Peyton,* 2 Wheat. R. 385 ; *Kutum* v. *Pocock,* 1 English Common Law R. (5 Taunt.) 105 ; *Price* v. *Edmonds,* 21 Eng. Com. Law R. 135 ; .*Nichols* v. *Norris,* 23 ibid. 28 ; Harrison's Digest, vol. 1, 1312 –1340 ; *Kerrison* v. *Cook,* 3 Campbell R. 362 ; Bacon's Ab., vol. 6, 811 ; *Whately* v. *Tucker,* 1 Campbell R. 35 ; *Dingwall* v. *Danster,* 1 Douglass R. 247 ; *Anderson* v. *Cleavland,* 13 East R. 217, 430 ; .*Townsley* v. *Sunwall,* 2 Pet. R. 183 ; 3 Esp. R. 46 ; 1 Taunt. R. 22–24 ; *Anderson* v. *Anderson,* 4 Dana (Ky.) R., *Goode's* case, 352 ; Chitty on Bills, 310, 311, and 315, note ; Story on Bills, sec. 268 ; 9 Sargeant and Rawle R. 229 ; 12 ibid. 382 ; 9 Pickering R. 547 ; 2 Blackford (Ind.) R. 137 ; 3 Kent's Com. 104.

Accommodation paper is now governed by the same rules as other paper. 7 Wend. R. 228, note ; 3 Kent's Com. 86 ; 5 Taunt. R. 192 ; 6 Dow's Parl. Cas. 234 ; 9 Sargeant and Rawle R. 229 ; 6 Cowen R. 484 ; 7 How. 292.

To the acceptor the equitable doctrine respecting sureties does not apply. 4 Dana (Ky.) R. 352.

CATON, C. J. This action is against the acceptor of a bill of exchange, and the defense relied upon, is that the acceptance was for the accommodation of the drawer, which was known to the drawee at the time he took the bill, and that the drawee gave time to the drawer after maturity. The court properly decided that this constituted no defense to the action. Bills of exchange are the highest class of commercial paper known to the law, and it has ever been a cherished object of the law merchant,—which has been permitted by the courts of England to

insinuate itself into the common law, till it now forms, and has for a long time formed a part of that code,—to uphold them inviolate, as far as possible—to give them an absolute effect, according to their purport.   They were invented to form a medium of exchange, and to supercede the necessity of transporting coin from one place to another, and the nearer they are brought to the absolute certainty of coin in value, the better do they perform the functions for which they were designed. While the *lex mercatoria* is deeply impregnated with the principles of equity, those principles have been chiefly marked in furtherance of these objects, and to enable the courts of law to enforce equitable rights, and upon this principle was the negotiability of bills of exchange insisted upon and finally maintained at the common law.   When, however, the principles of equity have been invoked for the purpose of destroying the validity and security of bills of exchange, they have been listened to with great disfavor, and admitted as exceptional cases.   The wider the door is opened to admit defenses to bills of exchange, the more is their general value impaired, and the more are commerce and exchange embarrassed.   The acceptor of a bill of exchange has always been considered the party primarily liable to pay it.   He expressly agrees to pay it, whether he has funds of the drawer in his hands or not, even though he expects to be in funds from the drawer.   An accommodation acceptor occupies precisely the same position as one who accepts with funds, as to all persons who receive the bill for value, whether they know that it was an accommodation acceptance or not.   And it is a general maxim, that an acceptor of a bill of exchange can never be discharged, except by payment or a release.   The exceptions to this rule are rare, and only when to enforce the payment by the acceptor, would be in violation of the agreement of the parties at the time of the acceptance, as where a bill is accepted for the accommodation of the indorser, who, after putting it in circulation, afterwards receives it in the course of business.   There, as between the original parties to the bill, it was his primary duty to pay it.   And he cannot collect it of the acceptor, and should he again put it in circulation, it is probable that the acceptor would not be liable to any one who should receive it with notice.   It has been often said that the acceptor of a bill of exchange incurs the same liability as the maker of a promissory note.   And this is true by the English law, since the statute of Ann.   But it is unnecessary now to inquire what are the rights of an accommodation maker of a promissory note.   It is enough to know that the holder of a bill of exchange is under no obligation to the acceptor, to use any diligence or make any effort to collect it of any body else.

It is the contract of the acceptor, and it is his duty to pay it at maturity, without waiting for any one else to do it, and if he neglects to do this, he shall not complain that an effort was made, even though injudiciously, to collect it of one who was under a moral obligation to pay it.

The judgment below must be affirmed.

*Judgment affirmed.*