MICHAEL DIVERSY, Appellant, *v.* DANIEL MOOR, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

The acceptor of an accommodation or other bill of exchange, is the principal debtor; giving time to the acceptor does not discharge the maker.

The acceptor of a bill and the drawer of a note are the principals, the indorsers are sureties.

Neglect to bring suit against the drawer of an accommodation bill, on request by the acceptor to do so, does not discharge the acceptor.

THIS action was assumpsit, brought to the Cook County Court of Common Pleas.

The plaintiff, Daniel Moor, declared upon a bill of exchange, bearing date at Chicago, July 9, 1857, drawn by Thomas W. Egan, upon the defendant, Michael Diversy, for two thousand dollars, at ninety days, payable to the order of the drawer. The declaration also contained the common money counts.

The defendant pleaded the general issue to the whole declaration, and to the special count upon said bill, the following special plea :

And for a further plea in this behalf as to the said first count in the aforesaid declaration, the said defendant says *actio non*, because he says, that in the drawing, accepting and delivering of the said bill of exchange in said count mentioned, the said Thomas W. Egan, the drawer thereof, was the principal debtor, and this defendant accepted the same without consideration, as the mere surety of the said Thomas W. Egan, and for his accommodation, which was, to wit, at the time of the making of the same, to wit : at Chicago aforesaid, well known to the said plaintiff; and the defendant further says, that after the said bill became due, by the terms thereof, he the said defendant, on, to wit, the 15th day of October, 1857, to wit, at Chicago aforesaid, apprehending that the said Thomas W. Egan, the principal debtor as aforesaid, was likely to become insolvent, without previously discharging said bill, so that it would be impossible or extremely difficult for this defendant, after being compelled to pay said bill, to recover the same back of said Egan, did then and there, by letter in writing sent to and received by the said plaintiff, then holding said bill, thereby notify and require him, the said plaintiff, forthwith to put the said bill in suit. And the said defendant further says that the said plaintiff neglected and refused to put the said bill in suit, as required by the said letter, and failed to use due diligence to collect the same, and that before the commencement of this suit, to wit, on the first day of November, 1857, to wit, at Chicago aforesaid, the said Thomas W. Egan, the principal debtor as aforesaid, became and was wholly insolvent, whereby, by virtue of the statute in such case made and provided, the said defendant is discharged from said bill, and this he is ready to verify, etc.

To this plea the plaintiff demurred, specially assigning for cause, that the allegation of notice by letter, in writing, etc., was insufficient, and assigning no other cause.

The defendant joined in demurrer.

The court sustained the demurrer, and defendant elected to stand by his plea.

The court rendered judgment in favor of the plaintiff, against the defendant, for two thousand one hundred and thirty-six dollars.

The defendant appealed.

The sustaining said demurrer to said second plea and giving the judgment aforesaid, is assigned for error.

SCATES, McALLISTER & JEWETT, for Appellant.

WILLIAMS, WOODBRIDGE & GRANT, for Appellee.

BREESE, J.   This case, in its main feature, differs not at all from the case of *Cronise* v. *Kellogg*, 20 Ill. R. 11, and must be determined in the same way.   The courts in England and in this country have uniformly held, that the acceptor of a bill of exchange becomes, by his acceptance, the principal debtor, even though his acceptance was for the accommodation of the drawer, he having no funds of the drawer in his hands, and not expecting any.

Debt will lie against him by the payee or endorser, where the bill expresses on its face to be for value received.   *Raborg et al.* v. *Peyton*, 2 Wheaton, 385.   And if the holder of such a bill takes a *cognovit* from the drawer for payment by installments, he does not thereby discharge the acceptor.   *Fentum* v. *Pocock et al.*, 1 Eng. C. L. R. 105.   And this, whether the holder, at the time of taking the bill knew it was an accommodation bill or not.   Ibid.   To the same effect is the case of *Nichols et al.* v. *Norris*, 23 ib. 28.

So giving time, as in the case of *Cronise* v. *Kellogg, supra*, to the acceptor, does not discharge the maker.   *Bank of Montgomery* v. *Walker*, 9 S. & R. 229.   So if the holder of a note, who at the time it was discounted, knew that it was drawn for the accommodation of the borrower, give time to the indorser without consulting the drawer, the latter is not discharged thereby.   The principle in all such cases is, that the drawer of a note and the acceptor of a bill of exchange stand in the same situation.   The acceptor of the bill and the drawer of the note stand as principals, the indorsers as securities only.

To the same effect is the case of *Chends* v. *Barlow*, 9 Pick. 547, and so is the case of *Lambert* v. *Sandford*, 2 Blackford, 137.   *Grant* v. *Cary*, 7 Wend. 227, and *Murray and Murray* v. *Judah*, 6 Cowen, 484.

So if the holder of a bill of exchange, at the time of taking the bill, knew that the drawee had no funds of the drawer in

his hands and took the bill on the promise of the drawee to ac-
cept ·it, he expecting to receive funds from the drawer, the
promise of the drawee to accept constitutes a valid contract
between the parties, notwithstanding the drawer fails to place
funds in his hands, and his acceptance binds him though it is
known to the holder he has no funds of the drawer in his hands
—it is sufficient, if the holder trusts to such acceptance.
*Townsley* v. *Sumrall*, 2 Peters, 170. The acceptor of a bill of
exchange stands in the same relation to the drawer as the maker
of a note does to the payee, and the acceptor is the principal
debtor in the case of a bill precisely like the maker of a note.
*Wallace* v. *McConnell*, 13 Peters, 136. And Chitty on Bills
lays down the same doctrine. Ch. on Bills, 304.

Nor is it allowed that such an acceptor shall say, he is only a
surety—to him the equitable doctrines respecting sureties do not
apply. *Anderson* v. *Anderson*, 4 Dana, 352.

One who lends his name to serve his friend in order that he
may obtain money on it, ought not to complain, when the pur-
pose is answered, if the law considers him precisely in the char-
acter he has assumed.

The judgment of the court below is affirmed.

*Judgment affirmed.*