# JOSEPH NOWAK

*v.*

## EXCELSIOR STONE COMPANY.

78   307
40a  271
78   307
58a  102

1. BILL OF EXCHANGE—*acceptor can not plead that there was no consideration.* In a suit against the acceptor of a bill of exchange, he will not be permitted to insist that there was no consideration for the acceptance.

2. The fact that the acceptor of a bill of exchange had no funds in his hands belonging to the drawer at the date of the acceptance, or that he was not then and did not thereafter become indebted to the drawer in any manner, makes no difference in a suit against the acceptor, and a demurrer to a plea setting up such fact should be sustained.

3. SAME—*rule as to, under commercial usages, not changed by the statute.* The 9th section of chapter 98 of Revised Statutes of 1874, being substantially like the statute of 1845, in which the word "bill" was held to mean due bill, is to be construed the same way, and held not to have any reference to bills of exchange.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. ADOLPH MOSES, for the plaintiff in error.

Messrs. NORTON, HULBURD & HATCH, for the defendant in error.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The declaration in this case contained a special count upon an order in writing, dated August 12, 187–, drawn by Peter Schmidt on defendant, by the name of "Mr. Nowak," by which Schmidt requested defendant to pay to plaintiff the sum of $227.14, which order, it is averred, was accepted by defendant, in writing, by the hand of his agent, Frank Nowak; also the common counts.

Defendant first filed a demurrer to the special count, and the general issue as to the common counts. The demurrer was overruled. A series of special pleas were then filed by

defendant, the substance of which was, that the writing in the special count mentioned as having been accepted by him, was accepted without any consideration, and that defendant was not indebted to Schmidt or plaintiff, or either of them, and that defendant did not thereafter become indebted to Schmidt in any manner. A demurrer to the special pleas was sustained. Defendant failed to plead further, and plaintiff having entered a *nolle prosequi* as to the common counts of the declaration, judgment was rendered in favor of plaintiff.

The demurrer admits the averments in the declaration, that defendant accepted the order drawn on him, in writing, by the hand of his agent, Frank Nowak, and that, it seems to us, is sufficient. If it were not true, defendant should have put that fact in issue. But this he did not do, and he must be held to be concluded by his pleadings.

The instrument declared on has all the elements of a bill of exchange. It is drawn in the usual way, according to the custom among merchants; is for a specific sum, and is payable absolutely and without conditions. *Leonard* v. *Mason*, 1 Wend. 522.

It was accepted by defendant, in writing, and, under the decisions of this court, he will not be permitted to insist there was no consideration for his acceptance. It makes no difference defendant may have had no funds in his hands, at the date of the acceptance, belonging to the drawer, nor that he was not then and did not thereafter become indebted to the drawer in any manner. The cases in this court are to the point, and are conclusive of this view of the law. *Cronise* v. *Kellogg*, 20 Ill. 11; *Diversy* v. *Moor*, 22 Ill. 330.

The 9th section of chapter 98, R. S. 1874, p. 719, referred to as having changed the rule that obtained under commercial usages, is substantially like the statute of 1845, on the same subject, which was in force when the former decisions were rendered; and it is not understood that section of the statute has any reference to bills of exchange.

In *P. and O. R. R. Co.* v. *Neill,* 16 Ill. 269, it was declared the word "bills," which occurs in the sections subsequent to the first and second sections of the act of 1845, evidently refers to "due bills" in the third section. That case is conclusive as to the construction to be given to this section of the statute.

Manifestly, the recital in the record, that plaintiff entered a *nolle prosequi* as to all the counts of the declaration, was a mere clerical mistake in making up the record. Enough appears from the context to authorize the court to permit an amendment of the record in this particular, which was done at a subsequent term, upon notice to the defendant. We are not inclined to attach any importance to such trivial objections to a record, where the context, as it does in this cause, shows what was really intended. *Hofferbert* v. *Klinkhardt,* 58 Ill. 450.

It is apparent it was intended to enter a *nolle prosequi* to the common counts only, but whatever error intervened in this regard was cured by the subsequent amendment made by the court to the record, upon notice given to the adverse party.

No error appearing that can affect the merits of the case, the judgment will be affirmed.

*Judgment affirmed.*