## MARSH v. LOW.

PROMISSORY NOTES.—*Draft.—Acceptance.—Principal and Surety.*—By the acceptance of a draft drawn upon him, the acceptor becomes, not merely a surety for the drawer, but a principal debtor.

SAME.—*Accommodation Acceptance. — Action Upon. — Defence.*—In a suit upon an acceptance, it is no defence that the acceptor executed the same, without receiving any consideration therefor, merely for the accommodation of the drawer, to whom the acceptor was not then, and has not since been, indebted, and for whom he has never held any funds subject to draft.

SAME.— *Warranty by Drawee to Drawer.—Breach of.*—Where the consideration of a draft, as between the drawee and drawer, was the unconditional, *bona fide* sale of an article of personal property, by the former, to the latter, accompanied by a warranty, a breach thereof can not be set up by the acceptor, as a defence to an action against him, upon his acceptance of such draft.

SAME.—*Sale.—Rescission.—Remedy.—Recoupment.*—A breach of a warranty of personal property which was unconditionally sold, in the absence of fraud, gives to the purchaser no right to rescind the contract, but an action upon such warranty, either by way of an original action, or by recoupment.

QUERY.—Can an accommodation acceptor, in an action upon his acceptance, set up a failure or want of consideration between the drawer and drawee?

From the Laporte Circuit Court.

*A. L. Osborn, W. H. Calkins* and *F. G. Johnson,* for appellant.

*J. A. Thornton* and *J. H. Orr,* for appellee.

WORDEN, C. J.—Action by the appellee, against the appellant, upon the acceptance by the latter of the following instrument, viz.:

"GEORGE MARSH, ESQ.;                         $150.

"Please pay Daniel Low, or order, one hundred and fifty dollars.                         D. C. BOWEN & CO."

"November 15th, 1874."

Endorsed.  "Accepted by         GEORGE MARSH."

Judgment for the plaintiff.

Two errors are assigned:

1st.  That the complaint does not state facts sufficient to constitute a cause of action; and,

2d.  That the court erred in sustaining a demurrer to the amended answer of the appellant.

The objection to the complaint is, that it did not contain the copy of the instrument sued on; but this defect in the record has been supplied by a return to a *certiorari.*

The amended answer, to which a demurrer was sustained, was as follows:

"And for a further and second answer, the defendant, Marsh, says, that the sole and only consideration for the order in suit was the sale, by the plaintiff, to the drawers of the note, of a certain horse; that the defendant accepted said order as an accommodation acceptor for said drawers, and not otherwise; that said order was not

Marsh v. Low.

drawn against any funds, and that he had no funds on hand at the date of the acceptance, nor has he since that time had, nor has he now, any funds on hand belonging to said drawers; all of which the said plaintiff then and there well knew, and that there was no other and different consideration between the plaintiff and defendant, and between the defendant and the drawers of said bill. That said order was given by said drawers, to said plaintiff, for a horse sold by said plaintiff, to said drawers; that the plaintiff, at and before the sale, and at and before the drawing of said order, and as an inducement to said drawers to purchase said horse, then and there warranted said horse to be perfectly sound in every particular. And the said defendant avers that said horse was not then and there sound, but, on the contrary, was sick and diseased, in this, that he then and there had inflammation of the stomach, and for a long time had been so sick and diseased, to wit, for six months then immediately preceding; that inasmuch as he was then and there so sick and diseased as aforesaid, he was entirely worthless; that such disease was of such a nature that said Bowen did not and could not discover the same until after he began to use said horse. That immediately after the purchase aforesaid the drawers commenced using said horse, and that immediately thereafter the said horse died solely of the disease aforesaid, and thereupon the drawers of said bill notified the defendant, Marsh, not to pay it, which he accordingly refused."

The appellant, Marsh, by accepting the bill, although it was accepted by him for the accommodation of the drawers, became a principal debtor, and not a surety for the drawers. And he is bound by his acceptance, whether he had funds in his hands, of the drawers', with which to pay the bill, or not. *Lambert* v. *Sandford*, 2 Blackf. 137; *Murray* v. *Judah*, 6 Cow. 484-492; *Grant* v. *Ellicott*, 7 Wend. 227; *Farmers and Mechanics' Bank* v. *Rathbone*,

26 Vt. 19; *Cronise* v. *Kellogg*, 20 Ill. 11; *Diversy* v. *Moor*, 22 Ill. 330.

As Marsh, by his acceptance of the bill, became a principal debtor, and, as such, liable on his acceptance, we do not see that it would be competent for him to raise any question as to the want or failure of consideration, as between the drawers and the payee. But without deciding this question, we proceed to enquire whether the answer sets up either a want or failure of consideration.

The horse, it would seem from the answer, was unconditionally sold by the payee of the bill, to the drawers, and there is no fraud averred in the sale or the warranty.

We think it established by the weight of authority, that where property has been unconditionally sold, with a warranty superadded, in the absence of fraud the purchaser can not, because of a breach of the warranty, without the consent of the seller, rescind the contract and recover back the purchase-money paid, as for money paid upon a consideration which has failed, or defend against the collection of the purchase-money upon the ground of want or failure of consideration. The remedy of the purchaser in such case is an action for a breach of the warranty; and the remedy may, doubtless, be enforced in a proper case, by way of recoupment or counter-claim. See 2 Addison Cont., p. 233, par. 632; *Thornton* v. *Wynn*, 12 Wheat. 183; *West* v. *Cutting*, 19 Vt. 536; *Kase* v. *John*, 10 Watts, 107; *Allen* v. *Anderson*, 3 Humph. 581; *Lightburn* v. *Cooper*, 1 Dana, 273; *Voorhees* v. *Earl*, 2 Hill, (N. Y.) 288; *Cary* v. *Gruman*, 4 Hill, (N. Y.) 625.

The defence set up in the answer is neither a want or a failure of consideration. It shows a right to damages for a breach of the warranty of the soundness of the horse. But those damages were not due to the defendant, but to the purchasers of the horse, the drawers of the bill. Doubtless, if the drawers of the bill had been sued upon it, they might have set up the breach of the warranty, by way of counter-claim. But the defendant was not enti-

tled to the damages arising from the breach of the plaintiff's warranty, and he could not set them up in this action, by way of counter-claim or otherwise.

For these reasons, we are of opinion that the court committed no error in sustaining the demurrer to the answer.

The judgment below is affirmed, with costs.