Hardy v. Ross.

## Charles M. Hardy
### v.
## Henry A. Ross.

1. Bill of exchange—Acceptance—No consideration.—A valid and sufficient consideration is of the very essence of every contract not under seal, and promissory notes and bills of exchange are no exception to the general rule. As between the drawer and acceptor of a bill of exchange, a want of consideration may be shown under the general issue.

2. Burden of proof.—In an action by a drawer against an acceptor of a bill of exchange, the burden of proving want of consideration is upon the defendant; but when the defendant shows *prima facie* that there was no consideration for his acceptance, the presumption of consideration is' rebutted, and the burden is then shifted to the plaintiff to show a consideration.

Error to the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding. Opinion filed November 5, 1879.

Mr. Thomas G. Windes, for plaintiff in error; that the defense of want of consideration can properly be made under the general issue, cited 1 Chitty's Pl. 478; Gould's Pl. 304; Stephens' Pl. 162.

A promise in writing to pay a debt already incurred by a third person, must be based on a new consideration: Story on Promissory Notes, 187; Chitty on Contracts, 52; Smith's Mercantile Law, 340; Chitty on Bills, 69; Edwards on Bills, 315; Elliott v. Giese, 7 Har. & J. 457; Wyman v. Gray, 7 Har. & J. 409; Rogers v. Waters, 2 Gill & J. 72; Bingham v. Kimball, 17 Ind. 396; Mecorney v. Stanley, 8 Cush. 87; Russell v. Buck, 11 Vt. 176; Cook v. Elliott, 34 Mo. 586; Hitt v. Wells, 17 Ill. 88; Eddy v. Roberts, 17 Ill. 505.

It was competent to show the circumstances under which the acceptance was made; and if on a contingency which never happened, then there could be no consideration: Chitty on Bills, 72; Smith's Mercantile Law, 299; Sproat v. Matthews, 1 T. Rep. 182; Jones v. Buffum, 50 Ill. 277; Miller v. Lumsden, 16 Ill. 161; Gorham v. Peyton, 2 Scam. 363; 2 Daniels on Negotiable Instruments, 270; Rev. Stat. 1874, Ch. 98, § 9.

The fact that the draft was payable ten days after sight is no presumption of forbearance: Rogers v. Waters, 2 Gill & J. 72; Nelson v. Serle, 4 M. & W. 795.

To constitute forbearance, there must be an agreement by the creditor to forbear: Mecorney v. Stanley, 8 Cush. 87; Rogers v. Waters, 2 Gill & J. 72; Watson v. Randall, 20 Wend, 201; Bowman v. Van Kuren, 29 Wis. 219.

The draft being in the hands of the drawer, a want of consideration may be shown: Story on Promissory Notes, 234; Smith's Mercantile Law, 339; Jennison v. Stafford, 1 Cush. 158; Chitty on Contracts, 25; Wyman v. Gray, 7 Har. & J. 415; Caples v. Bronham, 20 Mo. 246; Rathburn v. Budlong, 15 Johns. 1; Delano v. Bartlett, 6 Cush. 364; Elliott v. Giese, 7 Har. & J. 457; Jenkins v. Schaub, 14 Wis. 1; Bowman v. Van Kuren, 29 Wis. 209; Melledge v. Boston Iron Co. 5 Cush. 170; Robertson v. Deatherage, 82 Ill. 511; 1 Parsons on Contracts, 249; Conkling v. Vail, 31 Ill. 166; Chitty on Bills, 70.

Mr. WILLIAM H. STICKNEY, for defendant in error; that a written contract cannot be varied by parol testimony, and the evidence as to want of consideration was properly excluded,

Hardy v. Ross.

cited Walker v. Crawford, 56 Ill. 444; Woolam v. Hearn, 2 Lead. Cas. Eq. 679; Meyer v. Beardsley, 1 Vroom, 236; Packard v. Van Schoick, 58 Ill. 79; Holliday v. Hunt, 70 Ill. 109; Weaver v. Fries, 85 Ill. 650; Abrams v. Pomeroy, 13 Ill. 133; Nowak v. Excelsior Stone Co. 78 Ill. 307.

There was no plea of want of consideration to throw the burden of proof upon the plaintiff: Ellicott v. Martin, 6 Md. 509.

There was a valuable consideration for the acceptance, viz., forbearance: Parsons on Contracts, 258; Parsons on Notes and Bills, 198; Chitty on Contracts, 31; Swift v. Tyson, 16 Pet. 19; Parsons on Mercantile Law, 99; Baker v. Walker, 14 M. & W. 465; Walton v. Mascall, 13 Iowa, 452; Goodman v. Simonds, 20 How. 343.

As to contingency: Harlow v. Boswell, 15 Ill. 56.

Evidence allowed to go to the jury and excluded by instructions does no harm, and is no ground for reversal: Adams v. Russell, 85 Ill. 284.

McAllister, J.   This was assumpsit in the Superior Court of Cook county, by Ross, the defendant in error here, against Hardy, here the plaintiff in error, the declaration being in the common counts, with a special count upon a draft or bill of exchange drawn Sept. 15, 1873, by Ross as drawer, upon Hardy as drawee, for $255.22, payable to Ross' order, ten days after sight, and accepted by Hardy.   Upon the trial, before the court and a jury, upon non-assumpsit, the plaintiff, Ross, gave this bill of exchange in evidence, and rested his case.   Hardy thereupon offered himself as a witness in his own behalf, and gave testimony tending to show merely that he never had any transactions of any kind with Ross; that there was no consideration whatever for his acceptance of the bill; that P. F. Hardy, his oldest brother, whom defendant was then visiting, in Bradford county, Pa., was before and at that time indebted to Ross in the sum of $255.22, about which, however, Ross was giving him no trouble, and had no fears about getting his pay; but that DeWitt Hardy, a son of said P. F., was talking about removing from that State and going West, and he professed to

be anxious to have this debt to Ross settled before he left; that, simply to gratify witness' nephew, he accepted the draft; that he never had any dealing with Ross, and there was no consideration for the draft. The court, upon motion of plaintiff's attorney, excluded this evidence from the jury, and instructed them that the plaintiff was entitled to recover the amount due, according to the terms of the draft, to which exception was taken. There was a verdict accordingly. The court, overruling defendant's motion for a new trial, gave judgment, and defendant brings the record to this court by writ of error.

The question in this case is, whether or not the drawee of a bill of exchange, in a suit thereon by the drawer, can defeat a recovery by showing want of consideration for his acceptance, under the general issue, or must plead it specially.

A valid and sufficient consideration is of the very essence of every contract not under seal, and promissory notes and bills of exchange are no exception to the general rule. Edwards on Bills and notes, 297; Berry v. Story, 25 Eng. Law & Eq. R. 371; Chit. on Con. 27, 28.

It is a familiar and long established rule of the common law, that when the action is between the immediate parties to a bill or note, as between the drawer and acceptor of a bill, or the payee and maker of a note, or between the endorser and his endorsee of either of those instruments, it is competent for the defendant to rebut the presumption of consideration, and show that none in fact existed. Chitty on Con. *supra;* Comyn on Contracts, 12; 3 Kent's Com. 80; Byles on Bills and Notes (6th Am. Ed.), 206.

"Between the original parties the consideration may be inquired into, but the burden of proof lies on the defendant to rebut the presumption raised by implication of law." Edwards on Bills and Notes, 293; referring to Halliday v. Atkinson, 5 Barn. & Cres. 503; Cruger v. Armstrong, 3 Johnson's Cases, 259; 4 Hill, 442. See also, Bernhard v. Brunnen, 4 Bosw. 528.

The rule is more fully stated by Parsons as to the direct question involved. He says: "The drawer of a bill of exchange is the immediate promisee of the acceptor; therefore, if the acceptance was without consideration, the drawer cannot recover

Hardy v. Ross.

against the acceptor.    But it is otherwise of the payee; he is regarded as a stranger to the acceptor, in respect to the consideration for the acceptance."    1 Parsons on Notes and Bills, 179.

The principle underlying the distinction taken by this author between the drawer and the payee with respect to the consideration clearly governed the Supreme Court in all the cases which have so far been before it, and in which the right of the acceptor to show want of consideration was denied.    These cases are: Cronise v. Kellogg, 20 Ill. 11;  Diversey v. Moor, 22 Ill. 330; Same v. Loeb, 22 Id. 393;  Nowak v. Excelsior Stone Co. 78 Ill. 307.    In these cases the action was brought either by the payee or assignee of the bill.    There is no reported case in this State, so far as we can ascertain, which denies the right to inquire into the consideration of an acceptance as between the drawer and acceptor.

A bill of exchange, when the action is between drawer and acceptor, standing at common law precisely like any other simple contract as respects the consideration, except that one is presumed to exist until the contrary is shown, but which may be rebutted by affirmative testimony, it seems to us clear that such testimony, as in actions upon other simple contracts, must be admissible under the general issue.

By the old common law, and before the new rule of pleading was in England, the defendant, in all actions upon simple contracts other than bills and notes, and in actions between the immediate parties to the latter, was at liberty to show want of consideration, under the plea of non-assumpsit.    Chitty says (and there is no better authority as a text-writer):   "So, under non-assumpsit, the defendant might give in evidence that he was under duress, and the want of sufficient or a legal consideration for the contract."    1 Chit. Pl. 477;  Passenger v. Brooks, 1 Hodges, 123;  1 Bing. (N. C.) 587;  Young v. Rummell, 2 Hill (N. Y.) 478;  Hills v. Bannister, 8 Cow. 32;  Wilt v. Ogden, 13 Johns, 57;   Sill v. Rood, 15 Id. 230;  Gardner v. Webber, 17 Pick. 407;  2 Cowen's Treatise (Barbour's Ed.) 130.

But it is claimed that Sec. 9 Chap. 98, of R. S. 1874, which declares it lawful in any action upon a note, bond or bill, or other instrument in writing for the payment of money, etc., to

plead want of, or failure in whole or in part of consideration, requires that want of consideration should be pleaded specially.

This act contains no negative words, except that such defense shall not be set up as against any *bona fide* assignee, without notice; nor is it introductory of a new law as to actions between the drawer and acceptor of a bill, if it applied to such a case, because the right existed at common law. " Statutes are not presumed to make any alteration in the common law further than the act does expressly declare." Broom's Legal Maxims, 34; Cadwallader v. Harris, 76 Ill. 370.

But in Nowak v. Excelsior Stone Co. 78 Ill. *supra*, the Supreme Court held that the statute above referred to had no reference to bills of exchange. The instrument in suit in the case at bar is clearly a bill of exchange. So that the question is to be determined as if the above statute had never been passed; and at common law, as between drawer and acceptor, the wants of conideration could be shown under the general issue.

The defendant below gave evidence which simply showed the fact that P. F. Hardy, his brother, was indebted to Ross in $255.22, about which the latter was unconcerned, and had taken no steps to collect it; that defendant accepted the draft in question merely to gratify DeWitt Hardy, a son of P. F., the debtor; that defendant never had any transactions with Ross, the drawer, and that it was accepted without any consideration therefor. This evidence the court excluded, and defendant below excepted. We think that by that evidence the presumption of consideration was rebutted, and the burden of proof was shifted upon plaintiff below to prove a consideration as between him and defendant, sufficient to entitle him to recover.

The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.