JOHN C. F. CLARK ET AL.

v.

SETH F. HANCHETT, FOR USE, ETC.

*Replevin Bond—Action of Debt—Pleading—Evidence of Husband in Behalf of Wife—Sec. 5, Chap. 51, R. S.*

1. In an action of debt upon a replevin bond given in a second replevin suit between the same parties plaintiff and defendant as in the previous

Clark v. Hanchett.

suit, the property involved in both suits being identical, this court holds, the defendants contending that the trial court erred in sustaining the demurrer of the plaintiff to their rejoinder to the plaintiff's replication, that such replication was defective in not setting forth that there had been no change of title or right to possession between the time of the judgment in the Circuit Court and the bringing of the replevin suit in the Superior Court; that the defendant, by the sustaining of such demurrer, was not precluded from making a defense; that said rejoinder went only to the question of damages; and declines to interfere with the judgment for the plaintiff.

2.  In the case presented, this court holds that the testimony of the husband of the defendant in said suits was admissible under Sec. 5, Chap. 51, R. S.

[Opinion filed February 10, 1891.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. George W. Plummer, for appellants.

It has been held in Chinn v. McCoy, 19 Ill. 603, that the defendant in a suit on a replevin bond may set up by a plea, in mitigation of damages, that the jury in the replevin suit found for the defendant "solely in consequence of the failure of the plaintiff in that cause to prove a demand on the defendant therein for the property, before the commencement of the suit." In the case cited, a replevin suit was tried by a jury, and the issues found for the defendant, and a suit brought on the bond. The defendants to the suit on the replevin bond set up as above stated the facts on which the case was tried, and why the merits of the case were not determined, which was held to be a good plea. In the case at bar the appellee, by way of replication to the plea of appellants that the merits had not been tried, sets up and brings into the case another replevin suit between the same parties for the same property, and the appellants by way of rejoinder and in mitigation of damages, pleaded the facts on which the case stated in the replication was tried, and why the merits of the case were not determined, namely, that a demand and a tender had not been made by the plaintiff in that suit. If such a defense is good when set forth in a plea to the declaration, the same is good if set forth in a rejoinder.

Mr. FRANK H. GOIN, for appellee.

The issues made and tried in one replevin suit are *res adjudicata*, and can not be retried in another.    Law of Replevin, Cobbey, Sec. 1221, and cases cited.

The party against whom a former adjudication in replevin is set up as a bar may reply that it did not relate to the same property or transaction as that in the controversy in the pending suit.    Ibid., Sec. 1223; Pfennig v. Griffith, 29 Wis. 618. But the only question that can arise in such cases is one of identity.    Ibid., Sec. 1223; Merriam v. Lynch, 53 Wis. 82; 10 N. W. Rep. 1.    The pleading in the case cited by appellant, Chinn v. McCoy, 19 Ill. 603, was a plea, not a rejoinder to a plea in bar, to a plea of *res adjudicata;* it was simply a plea in mitigation of damages.

WATERMAN, J.    This was an action of debt brought by appellee against appellant upon a replevin bond.

The declaration charged that in the replevin suit it was on November 9, 1886, adjudged by the court that appellant take nothing by his writ, and that the defendant therein, one Hattie Bigelow, have return of the goods; that appellant did not return the goods, and did not prosecute the said replevin suit with effect, etc.

Appellant filed, among others, a plea setting up property in him, appellant, and that the replevin suit was dismissed for want of a declaration, and judgment entered without a trial on the merits.

To this the appellee replied that in the Circuit Court of Cook County, at the June term thereof, in the year 1886, in a suit wherein the said John C. F. Clark was plaintiff and the said Hattie Bigelow was defendant, the title to the property involved in said suit in said Circuit Court was the same as that involved in said replevin suit in said Superior Court, wherein the bond was given in which this suit was brought, and that in said Circuit Court there was a verdict of a jury finding the property in the said goods in the said Hattie Bigelow, and that on July 1, 1886, judgment was entered on said finding and the return of the said goods awarded to said

Hattie Bigelow, and that on July 20, 1886, the said goods were delivered to said Hattie Bigelow by the sheriff of Cook County. To which replication the appellants filed a rejoinder, setting up that the jury in said cause, set out in the replication, found for the defendant therein, Hattie S. Bigelow, solely in consequence of the plaintiff's failure to prove a proper demand made for the goods and property in question, and because the said plaintiff in the replevin suit mentioned, had failed to make a proper and legal tender of money alleged to have been due from the plaintiff Clark to the defendant Bigelow in said replevin suit, as the court instructed them, and that the right of property in the goods and chattels was not determined in said suit.   To the defendant's rejoinder the appellee demurred, and the court sustained the demurrer.   Appellants insist that this was error.

It is now contended by appellant that this action of the court prevented him from making any defense whatever in the suit.

As pleadings are always taken most strongly against the pleader, the replication to which the rejoinder was made was defective because it did not set forth that there had been no change of title or right to possession between the time of the judgment in the Circuit Court, July 1, 1886, and the bringing of the replevin suit in the Superior Court, August 25, 1886, and the demurrer should have been carried back and sustained to such replication; the plaintiff would then have been given leave to amend.

But we do not think that the defendant was, by the sustaining of the demurrer to his rejoinder, precluded from making any defense.   The rejoinder went only to the question of damages.   Stevison v. Earnest, 80 Ill. 513; Warner v. Mathews, 18 Ill. 83; Cleaves v. Herbert, 61 Ill. 126.

The sustaining of a demurrer to the rejoinder did not prevent appellant's setting up and showing the title in Clark or any one else in mitigation of damages.   No evidence offered by appellant bearing upon the question of damages seems to have been rejected, and we can not say that upon the evidence the damages awarded are excessive.   The testimony of Gil-

bert S. Bigelow was properly admitted. Mrs. Bigelow would, if unmarried, have been (as she was) the plaintiff, and in such case the husband is allowed to testify (Sec. 5, Chap. 51, R. S.); and as to the special matter of value he showed himself to have the requisite knowledge to render his testimony upon such question admissible.

*Judgment affirmed.*