Wineman v. Oberne.

## MARX WINEMAN ET AL.

### v.

## GEORGE OBERNE ET AL.

*Negotiable Instruments—Bills of Exchange—Acceptance—Consideration—Failure of—Pleadings.*

40  269
41  269
40  269
54  667
40  269
55  291
40  269
58  636

1.    The pleadings in actions on bills of exchange are governed by the common law, and not by the statutory rules relating to promissory notes.

2.    The first two sections only of Chap. 98, R. S., relate to bills of exchange.

3.    A total failure of consideration will avoid a commercial instrument resting upon it, as completely as an original want of consideration, and it

constitutes a good defense to an action upon the instrument, except as against holders for value, and without notice.

4.   Accommodation acceptances with notice to the holder, are not within the above rule.

5.   By the common law, the defense of failure of consideration is admissible under the general issue.

6.   Where the general issue is interposed, and a special plea which presents no material issue not made by the general issue, and a demurrer to the special plea is sustained, unless the court rejected evidence of the defense pleaded when offered under the general issue, it is not material whether the special plea was good or bad.

[Opinion filed March 13, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. GEORGE W. PLUMMER, for appellants.

Messrs. McCLELLAN & CUMMINS and LEMUEL H. FOSTER, for appellees.

GARY, J.   This is an action by the payees, the appellees, against the acceptors, the appellants, upon a bill of exchange.

The appellants pleaded specially that the consideration was the undertaking by the payees to and with the acceptors and the drawer to supply the drawer with wool, to be by him manufactured, and the product shipped to the acceptors and by them sold for the drawer on commission, and that the payees did not supply the wool.

A demurrer was sustained to the pleas.   If true, they stated a good defense.

"A total failure of consideration will avoid a commercial instrument resting upon it as completely as an original want of consideration, and it constitutes a good defense to an action upon the instrument, except as against holders for value, and without notice." Tiedeman on Commercial Paper, 201.   This rule is stated by other text writers in varying language.   1 Dan., Neg. Ins., Sec. 174; 1 Par., N. & B., 180; Story on Bills, Sec. 188.

The cases cited by them are numerous. The rule is not in conflict with any decision in this State. Accommodation acceptances, with notice to the holder, are not within it. Cronise v. Kellogg, 20 Ill. 11; Diversy v. Moore, 22 Ill. 331.

As is said in the last case, "One who lends his name to serve his friend, in order that he may obtain money on it, ought not to complain, when the purpose is answered, if the law considers him precisely in the character he has assumed."

In Nowak v. Excelsior Co., 78 Ill. 307, there was no attack upon the consideration between the drawer and payees.

The rule that a written instrument may not be impaired by proof of a different parol agreement has no relevancy to this case. No such agreement is pleaded, but that the consideration of the bill was an agreement with the other parties to the bill by the payees, which they did not perform, so that there is a failure of the consideration as to both drawer and acceptors. Without a consideration somewhere, a contract not under seal can not be enforced. But the appellants suffered no injury by the sustaining of the demurrer to the pleas, however good they may be.

The pleadings in actions on bills of exchange are governed by the common law, and not by the statutory rules relating to promissory notes. It has been several times decided that only the first two sections of Chap. 98, Negotiable Instruments, relate to bills of exchange. Wood v. Surrells, 89 Ill. 107; Hardy v. Ross, 4 Ill. App. 501. By the common law, the defense pleaded is admissible under the general issue. Case last cited, and Wilson v. King, 83 Ill. 232, both recognizing the authority of Chitty on Pleadings.

The general issue was on file. On the trial the appellants offered no evidence. Unless the court rejected evidence of the defense pleaded, when offered under the general issue, it is not material whether the special pleas were good or bad. Curtiss v. Martin, 20 Ill. 557; Atlantic Ins. Co. v. Wright, 22 Ill. 462; Zirkel v. Joliet Opera House Co., 79 Ill. 334; Zimmerman v. Williard, 114 Ill. 364; Clark v. Hanchett, 40 Ill. App. 212. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*