## JOSEPHINE CHESLEY HODGES

v.

## WALTER THOMAS NASH.

*Practice—Continuance—Insufficiency of Affidavit for—Negotiable Instruments—Accommodation—Paper—Defenses to Action on.*

1. On an application for a continuance on the ground of the absence of a material witness the affidavit must state that the party has no other witness by whom he can prove the facts stated in the affidavit as completely as by the absent witness.

2. Accommodation notes are made to be used, and in the hands of one who, before due, *bona fide* receives them for value, are as good as any other notes.

[Opinion filed February 9, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. EDMUND FURTHMANN, for appellant.

Messrs. SWIFT, CAMPBELL & JONES, for appellee.

WATERMAN, P. J. When this cause was called for trial, appellant presented an affidavit for a continuance which failed to state that she had no other witness by whom she could prove the facts stated in her affidavit as completely as by the

absent witness; for this and other reasons the court properly refused to continue the case.    Jarvis v. Shacklock, 60 Ill. 378.

It is urged by appellant that the matters and things set forth by appellant in her affidavit constituted a good defense to the action.    The suit was upon a promissory note made by appellant and was brought by an indorsee.    The defense set up in the affidavit was in substance that the note was made for the mere accommodation of the payee and that the plaintiff was aware of such fact.    This, if true, did not constitute a defense. Accommodation notes are made to be used, and in the hands of one who before due *bona fide* for value receives them, are as good as any other notes.    Daniel on Neg. Instruments, Sec. 726; Cronise v. Kellogg, 20 Ill. 11.    There was nothing to show that appellant had or would have been able to present a defense to the action if the continuance had been granted.    In brief, there is nothing to show that appellant had any defense to the action.

The judgment is merely what the plaintiff was then, and, so far as appears, is now entitled to, and is affirmed.

*Judgment affirmed.*