### William L. Breyfogle v. Henrietta C. Addison.
#### Gen. No. 11,692.

1. ACCEPTANCE—*when consideration of, cannot be questioned.* The acceptor of a draft cannot question the consideration of his acceptance where the same has been received by a third party for value given.

Action in assumpsit. Appeal from the Superior Court of Cook County; the Hon. H. B. WILLIS, Judge, presiding. Heard in the

Branch Appellate Court at the March term, 1904.   Affirmed.   Opinion filed May 5, 1905.

ELMER H. ADAMS, for appellant.

A. M. LASLEY, for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court

This is a suit upon a draft drawn upon and accepted by appellant.

Material facts as disclosed by the evidence are that appellant was interested with one John Addison, husband of appellee, in the purchase of a gold mine. Apparently it became necessary to raise additional money to complete the purchase, and several telegrams passed between Addison and appellant. In one of these, dated January 28, 1895, Addison wired appellant, " I borrowed until the 30th. You must meet it." Upon the 29th appellant replied by letter acknowledging receipt of the telegram and saying, " If you could arrange that by a draft for thirty or sixty days so as to pass the 14th, I think it would be advisable to do so. A draft could be drawn and I would accept it here. I would rather it should be made for ninety days, however, as that relieves the other matters and puts it beyond any possible doubt." The next day appellant sent a telegram to Addison saying. " Best I can do is to accept your sixty days draft on me $2,000. This will be paid at maturity." February 1st following, Addison wrote appellant that he had obtained the money and sent it to one Jackson (who was apparently acting for them in completing the purchase of the mine), and that he had " got Estey & Camp to accept your draft for same, which please accept and return to them." February 4th appellant wrote Addison that he would accept the draft and have it returned. He did so and that draft is the bill of exchange upon which the present suit is brought. It clearly appears, therefore, that it was drawn and accepted to replace money borrowed by Addison for the use of himself and appellant in closing up the purchase of the mine.

The draft was drawn by Estey & Camp February 1, 1895, at sixty days sight. Meanwhile appellee, who is the wife of John Addison, had sold notes of her own and with the proceeds she paid to Estey & Camp the amount her husband had borrowed of them which had been applied on the purchase of the mine. The accepted draft in controversy was turned over to her to reimburse her for the amount she so paid. Two payments are endorsed upon the draft, one of $500 and one of $150. Appellant claims that these were not paid nor intended to be paid upon the draft, but were loans made by him to appellee's husband. There is evidence, however, tending to show that for the $500 payment appellant took a written receipt which expressly states the payment to have been made to apply on the draft in question.

It is contended the acceptance was purely accommodation paper wholly without consideration. The evidence does not sustain this contention. It is immaterial where the draft was kept or by whom, pending the effort to collect it. It was given to pay an obligation incurred in the purchase of the mine by appellant and his associate Addison, and the title to it passed to appellee when she paid the money and received the acceptance, either in person or by an agent. The evidence tends to show that appellant received full consideration for the acceptance, and also that appellee paid the full consideration for it herself. Whether so or not, however, the acceptor cannot be heard now to insist that its acceptance was without consideration, whether he was indebted or thereafter became indebted to the drawer or not. Nowak v. Excelsior Stone Co., 78 Ill. 307–308. The accommodation acceptor cannot set up such defense. Diversey v. Loeb, 22 Ill. 394. The acceptor is primarily liable to pay the draft and incurs the same liability as the maker of a promissory note. Cronise v. Kellogg, 20 Ill. 11–14; Diversey v. Moor, 22 Ill. 331–333. Under the evidence in this case it is immaterial whether the endorsement to appellee was made before or after the maturity of the draft. Appellant would have had no sound

defense against it in the hands of the original payee and endorser and has none against it in the hands of appellee. This is not a suit by the drawer against the acceptor as in Hardy v. Ross, 4 Ill. App. 501, cited by appellant.

Finding no material error in the record the judgment must be affirmed.

*Affirmed.*