## Mt. Vernon National Bank, Appellee, v. The Kelling-Karel Company, Appellant.

### Gen. No. 20,225.

1. BILLS AND NOTES, § 240*—*rights of purchaser of draft before its acceptance.* The purchaser of a draft before its acceptance in the ordinary course of business, in good faith, for value, is as clearly a holder for value as if he had purchased the draft after acceptance.

2. BILLS AND NOTES, § 248*—*when purchaser of draft not charged with notice of its infirmity.* The fact that the purchaser of a draft gives to the acceptor thereof the right to inspect the goods for the price of which the draft is drawn, does not show notice or knowledge of any infirmity in the draft.

3. BILLS AND NOTES, § 241*—*what essential to charge purchaser of draft with notice of its infirmity.* To effect the holder of a draft, notice of its infirmity must exist at the time he acquires the paper, when his relation to it is fixed.

4. BILLS AND NOTES, § 240*—*when notice subsequent to acquisition of draft does not affect title of holder.* Notice as to the in-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

firmity of a draft subsequent in time to its acquisition does not affect a purchaser's title or right to transfer the draft.

5. BILLS AND NOTES, § 46*—*defense not available by acceptor.* in an action by the payee against the acceptor of a draft, failure of consideration as between the drawer and drawee is not a defense.

6. BILLS AND NOTES, § 436*—*when written acceptance may not be varied by parol.* The terms of an acceptance in writing cannot be varied by any contemporaneous oral agreement.

7. BILLS AND NOTES, § 34*—*what constitutes conditional acceptance.* Facts stated in an affidavit of merits *held* not to show an agreement that the delivery of a draft was conditional, but only an agreement that the acceptance was conditional; but the acceptance as modified by such conditions was delivered to the purchaser of the draft without limitation or reservation that property in the instrument should not be transferred until the happening of the conditions named.

8. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits may be stricken.* In an action in the Municipal Court of Chicago, an affidavit of merits which does not set up facts constituting a defense may be stricken.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 9, 1914.

THEODORE JOHNSON, for appellant.

NEWMAN, POPPENHUSEN & STERN, for appellee; EDWARD R. JOHNSTON, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The plaintiff Bank purchased the draft sued on November 22, 1912, in the regular course of business, for a valuable consideration. To the draft was attached a negotiable bill of lading for 196 barrels of pecans shipped via B. & O. R. R. to appellant. The draft was drawn on and accepted by the appellant, defendant in the trial court, November 26th, payable December 2nd. It was agreed between the parties that

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the plaintiff should deliver the pecans to a public warehouse in Chicago by December 2nd, and allow inspection thereof by defendant.    December 17th plaintiff gave an order to defendant permitting inspection.    It is claimed by appellant that on such inspection the pecans were found to be inferior to the pecans purchased of the drawer, and for that reason payment of the draft was refused.    The court struck out the affidavit of defense and gave judgment for the plaintiff.    The grounds of reversal urged by appellant are:

"1.    That appellee does not stand in the position of a holder in due course of the draft because before acceptance by appellant the draft had been dishonored.

2.    That the consideration for the acceptance moved directly from appellee to appellant; that the consideration so moving from appellee failed; and that appellant has a right to show such failure of consideration as against appellee.

3.    That delivery of the accepted draft was, by parol agreement between the parties, made conditional, and the nonfulfillment of such condition can be shown as a defense to appellee's action."

One who purchases a draft before its acceptance in the ordinary course of business, in good faith, for value, is as clearly a holder for value as if he had purchased the draft after acceptance.    The fact that the purchaser gives to the acceptor the right to inspect the goods for the price of which the draft is drawn, does not prove notice or knowledge on the part of the purchaser of any infirmity in the draft. The rule is that notice to affect the holder of a draft must exist at the time he acquires the paper, for then his relation to it is fixed, and subsequent notice does not affect his title or right to transfer it.   1 Daniel, Neg. Inst. (6th Ed.) 929; Selover, Neg. Inst. (2nd Ed.) 225; Laws of 1907, p. 411, sec. 61 (J. & A. ¶ 7700); Id., p. 410, sec. 52 (J. & A. ¶ 7691); *Hoffman & Co. of Milwaukee v. Bank,* 12 Wall. (U. S.) 181; *Craig v. Sibbett,* 15 Pa. 240; *Credit Co. v. Howe Ma-*

378 APPELLATE COURTS OF ILLINOIS.

Mt. Vernon Nat. Bank v. The Kelling-Karel Co., 189 Ill. App. 375.

*chine Co.,* 54 Conn. 357; *Fort Dearborn Nat. Bank v. Carter, Rice & Co.,* 152 Mass. 34.

It is a sufficient answer to the second ground of reversal relied on, to say that in an action by the payee against the drawer on an acceptance, failure of consideration as between the drawer and drawee is not a defense. *Nowak v. Excelsior Stone Co.,* 78 Ill. 307; 1 Daniel on Neg. Inst. (6th Ed.) 228.

The terms of an acceptance in writing cannot be varied by any contemporaneous parol agreement, as that is against the first principles of the law of evidence. 1 Daniel, Neg. Inst., *supra,* 612; *Mosher v. Rogers,* 117 Ill. 446.

The facts stated in the affidavit of defense do not show an agreement that the delivery of the draft was conditional, but only an agreement that the acceptance was conditional. But the acceptance as modified by such conditions was delivered to appellee without limitation or reservation that property in the instrument should not be transferred until the happening of the conditions named.

The consideration for the acceptance of the draft was the shipment of the 196 barrels of pecans—not any parol promise of the drawee.

We think that the action of the Municipal Court in striking defendant's affidavit of defense from the record, on the ground that it did not set up facts constituting a defense, was proper, and the judgment is affirmed.

*Affirmed.*