38  347
62a  24

# Commissioners of Highways of the Town of Lyons

## *v.*

# The People of the State of Illinois, *ex relatione* Samuel Killham *et al.*

1. Costs—*commissioners of highways.* In awarding a peremptory writ of mandamus against Commissioners of Highways, compelling them to lay out a certain road which had been ordered to be laid out on an appeal to three Supervisors, it is error to render a judgment for costs against the Commissioners in their individual capacities. The costs, in such case, should be awarded against the town which the Commissioners represent.

2. Highways—*within what time they must be opened—computation of time.* Where the five years, within which a public road is required by statute to be opened after it is laid out, expires pending litigation in respect to the establishing of the road, the time consumed in the litigation must not be estimated as a part of the five years.

3.  Amendments—*alternative mandamus.* The allowance of amendments of an alternative writ of mandamus, is wholly discretionary with the court. That writ is like a declaration, and is, generally, open to amendment.

4.  Highways—*description of the route in the order establishing the road—when sufficient.* Although a road can not be located from a mere reference to the calls and distances given in the order establishing it, yet if the court can be satisfied, on calling surveyors and receiving proof on the points of location, that the road can be located as laid out, the order laying out the road will be sufficient.

Appeal from the Superior Court of Chicago.

On the 18th of January, 1859, Samuel Killham, William Davis, Edmund Kane and twenty others, petitioned the Commissioners of Highways of the town of Lyons, in Cook county, to open a new road, commencing in the centre of the Joliet and Chicago road, eighty rods east of west line of section 15, township 38, range 12; thence southerly, to, or near, O'Plain river, passing through the lands of several persons named.

The Commissioners, upon consideration of the application, refused to lay out the road. Thereupon, an appeal was taken to three Supervisors, who, on the 20th of June, 1859, reversed the order of the Commissioners, and ordered the road to be laid out as follows:

" Commencing two chains and ninety-three (2–93) links south, and on a course north sixty degrees and forty-five minutes east, (N. 60, 45 E.,) from said last mentioned point twenty-one chains and twenty links, (21–20) from the quarter section corner on the west side of section 15, T. 38, R. 12, in the centre of the Chicago and Joliet road, so called, and running from the centre of said Chicago and Joliet road, S. 12° 5 E. 7.66 chains to the one-eighth section stake in the east and west quarter section aforesaid, as standing, and running thence south in the one-eighth section line 130 chains and 37 links."

The Commissioners refusing to open the road in conformity with the order of the Supervisors establishing the same, the petitioners, on the 4th of February, 1860, applied to the

Superior Court of Chicago for an alternative writ of manda-mus, requiring the Commissioners to open the road or show cause for refusing to do so.

The alternative writ was awarded on the same day, and, subsequently, was allowed to be amended, on the motion of the relators, against the objection of the respondents, and excep-tion was taken.

The alternative writ, as amended, after setting forth the pro-ceedings in relation to the application for the road, prior to the appeal to the Supervisors, states that they met, and upon hearing the proofs, reversed the action of the Commissioners, and determined to lay out the road.

That they caused a survey, accompanied with a report and plat of said route to be made, particularly describing said road, and incorporated the same in an order signed by them, declar-ing said road established, which was filed in the town clerk's office, June 21st, 1859.

That on or about September 20th, 1859, one Polk, and other owners of land over which said road was to pass, were requested to remove their fences from said road, and that Polk neglected and refused.

The writ concluded with the following mandatory clause to the commissioners:

That "you do, without delay, give said Henry H. Polk written notice to remove said fences from said road within sixty days from the service of the same, and, in default thereof, to cause the fences to be removed, and the road opened, according to said survey, and as follows, to-wit: Commencing in the centre of the Chicago and Joliet road, 7 chains, 66 links north, 12° 5 west of the ⅛ quarter section line, to a stake as standing on the east and west quarter line of section 15, 38, 12, in town of Lyons, and running thence south 12° 5 east 7 chains, 66 links, to said stake on quarter section line; thence south 130 chains, 37 links, to a stake and stone in N W ¼ Sec-tion 27. And starting point is further described as being 21 chains, 20 links, north 20° 40 east of intersection of the centre

of Joliet and Chicago road, with the west line of 2d section 15, which last* point is 2 chains and 93 links south of the N. W. corner of said section 15, as shown by the following copy of the plat made by E. Bixby.

" Or make return of this, our writ, signifying to us cause to the contrary, and make it appear to us, on the first day of the next term of this court, to be holden on the first Monday of February, 1859."

Upon the return of the Commissioners to the alternative writ, issues were formed, which, upon a hearing, were found for the relators, and thereupon a peremptory writ of mandamus was awarded, and a judgment for costs rendered against the Commissioners in their individual capacities.

A new trial was refused, and the Commissioners now prosecute this appeal.

The questions presented are:

*First.* Whether costs were properly awarded against the Commissioners in their individual capacities?

*Second.* The five years within which, under the statute, the road should have been opened after it was established, having expired, shall the time consumed in this litigation in respect thereto, be estimated as a part of the five years?

*Third.* Was the alternative writ properly allowed to be amended? and

*Fourth.* Was the description of the route of the road as given in the order of the Supervisors, sufficient?

Messrs. Haines and Story, and Mr. J. S. Page, for the appellants.

Messrs. Garrison and Blanchard, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

This was a petition for a mandamus, on the relation of Killham and others, to compel the Commissioners of Highways of

the town of Lyons, in the county of Cook, to lay out a certain road in that town.

We shall not go into a very particular examination of the merits of the case, having come to the conclusion that the judgment must be reversed on one ground which is fatal. It is this. The court below rendered a judgment for costs against the Commissioners in their individual capacities, and not, as they should have done, against the town of Lyons. The defendants were acting in a representative character—they representing the town of Lyons, in this matter, having no personal interest whatever in the proceeding. The judgment for costs should have been against the town of Lyons, and the amount would become a town charge. (Scates' Comp. 335.)

It appears that from the time this road was ordered to be laid out, the parties have been in litigation about it, until the five years within which, by the statute, it should have been opened, have expired. It is now insisted by the appellants, that it is impossible to carry into effect the order of the Supervisors, on account of this efflux of time. On this point we are satisfied, from the analogies of the law, the time consumed in litigation must not be estimated as a part of the five years. *Walsh et al.* v. *Horine, garnishee,* decided at November term, 1864, and reported in 36 Ill.

As to the allowance of amendments of the writ of mandamus, that was wholly discretionary with the court. The alternative writ is like a declaration, and is, generally, open to amendment.

The peremptory mandamus is all right if it be possible to locate the road under the order of the Supervisors laying it out. We have been unable to do it, from the calls and distances given in the record.

On the next trial the Circuit Court will call surveyors and receive proof on this point of location, and if they are satisfied with the proof that the road can be located as laid out by the Supervisors, they will order accordingly.

For the reason given, that costs have been awarded against appellants as individuals, the judgment is reversed and the cause remanded, with directions as above.

*Judgment reversed.*