## COMMISSIONERS OF HIGHWAYS OF TOWN OF ORAN
## v.
## JOHN A. HOBLIT.

1. ROAD AND BRIDGE ACT—NOTICE.—The notice required to be given by the commissioners of highways under section 33 of the Road and Bridge Act of 1883, is jurisdictional, and unless it has been given, the commissioners are not authorized to act.

2. SAME.—The designation of a general locality or one embracing others commonly known as places, without the particular place, is not a substantial compliance with the statute. The notice in this case *held* defective, both as to time and place.

3. SAME—DAMAGES.—Where all that was shown upon the subject of damages accruing to appellee (Road and Bridge Act, §§ 39, 40, 41) was set forth in the following recital in the commissioners' final order, "that the route of said road, so far as it passes over appellee's lands (describing the land), passes wholly upon an old established route which was duly laid out and opened many years since, and has been a public highway since 1870, that appellee has personally released all damages accruing to him from laying out a road along said route through his land," the court is of opinion that this is not competent evidence of what is so recited.

4. CERTIORARI—APPEAL.—An appeal is a recognition of jurisdiction. The commissioners not having acquired jurisdiction of appellee's person,

their proceedings were void, therefore there was nothing to appeal from and *certiorari* was the proper remedy.

5. COSTS.—It was error to award costs against the commissioners. personally.

APPEAL from the Circuit Court of Logan county; the Hon. C. EPLER, Judge, presiding. Opinion filed February 25, 1886.

Mr. OSCAR ALLEN, for appellant; that judgment against respondents for costs is erroneous, cited Arnold v. Tharpe, 9 Bradwell, 357.

Substantial compliance with the statute in road matters is all that is required : Town v. Town of Blackberry, 29 Ill. 138.

*Certiorari* does not lie to investigate a question which might be investigated in an appeal: Dillon on Municipal Corporations, 2d Ed., § 743.

Messrs. BLINN & HOBLIT, for appellee; as to notice, cited R. S., Ch. 121, § 33 ; Frizell v. Rogers, 82 Ill. 109.

The record must affirmatively show either that the owner's land was taken by legal proceedings to assess his damages or by his release in writing accompanying the final order: R. S., Ch. 121, § 40; Hyslop v. Finch, 99 Ill. 184; People v. Mc-Roberts, 62 Ill. 38; Kine v. Defenbaugh, 64 Ill. 291.

PLEASANTS, J. Upon review, on *certiorari*, of appellant's proceedings to lay out and establish a highway, the circuit court quashed the same, and they appealed.

The petition was for a road beginning near the southwest corner of the east half of the northeast fractional quarter of section 6 in T. 20 N., R. 1, W. of the 3d P. M., and running by different courses and distances, of which the last being nearly a quarter of a mile was over land of appellee to the southeast corner of section 31, in township 21.

Section 33 of the Road and Bridge Law of 1883 provides that " whenever the commissioners shall receive any such petition they shall fix upon a time when and place where they will meet to examine the route of such road and to hear rea-

sons for or against the altering, widening, vacating or laying out the same, and they shall give at least ten days' notice of the time and place of such meeting by posting up notices in five of the most public places in the township, in the vicinity of the road to be widened, altered, vacated or laid out."

The notice here required is jurisdictional, and unless it has been given the commissioners are not authorized to act. Frizell v. Rogers, 82 Ill. 111; Commissioners v. Harper, 38 Id. 103; Corley v. Kennedy, 28 Id. 143. And the requirement must be strictly complied with. Hyslop v. Finch et al., 99 Id. 171 (p. 184).

In this case, besides other defects of less importance, the notice as to the time and place was that they had " fixed upon the 9th of March, A. D. 1885, at the hour of one o'clock P. M. in Beason, in said town."

The record presents no evidence of the time or manner of giving it except the recital in the final order declaring said road to be laid out and established, that "said commissioners gave ten days' notice of said meeting by posting up notices *on said 9th day of March, A. D. 1885*, in writing, in five of the most public places in said Oran township, in the vicinity of the said above described road."

Perhaps this was a clerical error in drawing up the order or in copying it into the transcript, since notice of a meeting to be held on the 9th of March, posted on that day, is certainly not ten days' notice of such meeting. But the notice itself is not such as the statute requires in respect to the place of meeting. In the final order Beason is described as " a small unincorporated village of about a dozen houses," and the meeting is therein said to have been held "at the office of William P. Randolph, a grain dealer, in said village." This office, then, was " the place " where they met, and it was a place not specified, as it might have been, by name, description or reference, in the notice given. In other words, there was no notice of the place of meeting.

It is said Beason was a place. So, and in the same sense, the second week in March was a time. But a notice that the commissioners would meet at the hour of one o'clock P. M., in the

second week of March, A. D. 1885, would hardly be a notice of "the time," within the meaning of the statute. Again, notice in the alternative of a meeting at one place or another, as "at Randolph's office or the postoffice," is not notice of a meeting at either. The one here given was no better than if it had read, "the office of William P. Randolph, or some other of the dozen houses in Beason, in said town." It should be so definite that one who knows or ascertains the place as designated or described, will thereby know, or learn without further inquiry, at least the building—if it be a building—in which the meeting will be held. It must designate the place directly, and not merely put him on inquiry for it. It can not properly make him liable, without his fault, to attend at two or more places in order to find one meeting. Appellee might have attended at any one or more of the others (no less in Beason than was Randolph's office) without being at the place of the meeting. In short, the designation of a general locality, or one embracing others commonly known as places, without the particular place, is not a substantial compliance with the statute.

Here we might stop, since this defect makes void the whole proceeding on the part of the commissioners. But we further observe it does not appear from the record that the damages accruing to appellee by reason of the laying out of said road over his land were either released, agreed upon, assessed or in any way ascertained, as is expressly required and made essential by §§ 39, 40, 41 of the statute. All that is shown upon that subject is set forth in the following recital in said final order, to wit: "that the route of said road, so far as it passes over lands, that is to say the north half of east half of section six, owned by said Hoblit, passes wholly upon an old established route which was duly laid out and opened many years since, and has been a public highway since the year A. D. 1870; that said Hoblit has personally released all damages accruing to him from laying out a road along said route through his land above specified." We apprehend this is not competent evidence of what is so recited. The record contains a notice from these commissioners to appellee "to remove his fences

standing across or being in any way upon the line " of the highway so recited to have been "duly laid out and opened," from which it appears it was not then open.

If the recital was true it was their duty to remove the fences and open the highway as one already established, and not, upon this petition and their own assumptions as to other and different proceedings having no connection with these, to establish it. They could not, by mere recital, furnish even *prima facie* proof of anything which, according to the recital itself, formed no part of the proceedings in which the order containing it was made. These must stand or fall by their own record exclusively. The circuit court, then, could not know, from this record, that any part of the route had been "duly laid out" many years before, or that appellee had released his damages, or that they were agreed upon by him and the commissioners or assessed by a jury. No such release, agreement or assessment was deposited and filed in the office of the town clerk with the final order establishing the highway as the statute required. Hyslop v. Finch, *supra*. The commissioners therefore proceeded illegally in making such order.

Appellants entered a motion below to quash the writ of *certiorari* for divers alleged defects of form in the petition therefor, and also in the form and direction of the writ itself. This motion, however, came after a certified copy of the proceedings had been returned and filed. The respondents and the record were then duly before the court. All had been accomplished that could have been by a proper writ upon a proper petition, and the defects alleged were immaterial. The motion was properly overruled.

It is also said there was a remedy by appeal to three supervisors, and hence that *certiorari* would not lie. For the reason above given the commissioners acquired no jurisdiction of the person of appellee or of the subject-matter. Their proceedings being therefore void there was nothing to appeal from. An appeal is a recognition of jurisdiction. Frizell v. Rogers, *supra*. The record of these proceedings was rightly quashed.

But it was error to award costs against the commissioners personally; R. S. 1880, Ch. 139, § 50; Commissioners, etc., v. The People, 38 Ill. 347; Hindman v. Village of Aledo, 6 Bradwell, 442; Arnold v. Tharpe, 9 Id. 357; and for this error the judgment must be reversed and the cause remanded.

Reversed and remanded.