## Adolph Kusel v. City of Chicago.

### Gen. No. 11,891.

1. CERTIORARI—*when motion to quash, not premature.* A motion to quash a writ of *certiorari* made before the return is not only not premature, but if not then made is waived.

2. CERTIORARI—*does not lie to review judgment of removal by civil service commission.* The power of removal conferred by stat-

ute upon the civil service commission is executive and their proceedings in making removal are not subject to review by *certiorari*.

*Certiorari* proceeding. Error to the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed July 11, 1905.

**Statement by the Court.** This is a writ of error to review a judgment of the Superior Court quashing a common law writ of *certiorari,* commanding the Civil Service Commissioners of Chicago to certify to said court their proceedings relating to the discharge of plaintiff in error from the police force of Chicago. The petition was filed December 18, 1903, and avers that the petition was discharged by said Commissioners November 6, 1899; that he was a Civil Service patrolman; that the Superintendent of Police filed written charges against petitioner charging him with violation of Rule 67 of the Department of Police, "Immoral conduct or conduct unbecoming a police officer," violation of Rule 70, "Incapacity or inefficiency in the service," and Rule 74, "Disobedience of Orders," and that he was tried on said charges, found guilty and discharged by said Commissioners. The petition further avers that said rules were not rules made by the Civil Service Commissioners, but were rules made by the Superintendent of Police, before the Civil Service Act was passed; that petitioner soon after his discharge retained counsel as to his legal rights concerning such discharge and was advised that he had no remedy and that up to the date of the filing of his petition he was informed and believed that said rules were rules of the Civil Service Commissioners; that petitioner was not guilty of the violation of any rule either of the Police Department or of the Civil Service Commission and that said Commission exceeded its lawful powers and jurisdiction.

The motion to quash was made by the defendant without making a return to the writ.

A. D. GASH and JAMES H. HOOPER, for plaintiff in error.

JOHN W. BECKWITH, for defendant in error; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The contention of plaintiff in error that a motion to quash or dismiss a writ of *certiorari* cannot be made before return is without merit. In Davis v. Randall, 26 Ill., 243, the motion to dismiss a writ of *certiorari* was made and allowed without a return, and the judgment was affirmed. A motion to dismiss or quash the writ because of the insufficiency of the petition is, in effect, a general demurrer to the petition and is waived if not made before return. Commissioners v. Hoblit, 19 Ill. App., 259; Schuchman v. Commissioners, 52 ib., 497; School Directors v. School Trustees, 91 ib., 96.

The record in this case presents the question whether a writ of *certiorari* lies to review the act of the Civil Service Commissioners removing a Civil Service officer or employee. Section 12 of the Civil Service Act confers upon the Civil Service Commissioners the exclusive power to remove or discharge a Civil Service officer or employee. Such removal or discharge can only be made for cause, upon written charges, and after the accused has had an opportunity to be heard in his defense. The commissioners are given by the act power to administer oaths, to compel the attendance of witnesses and the production of books and papers. If the power thus conferred upon the commissioners is judicial or *quasi* judicial; if in removing or discharging an officer or employee they exercise a judicial or *quasi* judicial function, their proceedings in making such removal may be reviewed by the courts on *certiorari*. On the other hand, if the power thus conferred is executive and not judicial or *quasi* judicial; if their act of removal is an executive and not a judicial or *quasi* judicial act, *certiorari* will not lie to review their proceedings in ordering such removal or discharge.

In Donahue v. The County of Will, 100 Ill., 94, it was said: "It may be in many cases difficult to determine the precise line which divides the executive and judicial func-

tions. It has been said that when the functionary hears, considers and determines he performs judicial acts. This definition is not strictly accurate. * * * There is in every executive or ministerial act a necessity for the hearing of evidence, a consideration of the evidence and a determination based on it. * * * So it is seen the definition is by no means accurate. It embraces cases that are not judicial, and hence is too comprehensive."

Under the decisions of our Supreme Court, the question whether the power of removal conferred by the Act upon the Civil Service Commissioners is executive, or judicial, or *quasi* judicial; whether in ordering the discharge of the plaintiff in error from the police force, they acted judicially or as executive officers, depends, not upon procedure, but upon the question whether any property right of the plaintiff in error was involved in such removal.

In Commissioners v. Griffin, 134 Ill., 330-340, it was said: "The general rule seems to be that this writ lies only to inferior tribunals and officers exercising judicial functions, and the act to be reviewed must be judicial in its nature and not ministerial or legislative. Locke v. Lexington, 122 Mass., 290; State v. Mayor, 34 Minn., 250; *In re* Wilson, 32 id., 145; Robinson v. Supervisors, 16 Cal., 208; *Ex parte* Fay, 15 Pick., 243; Stone v. Mayor, etc., 25 Wend., 157; Esmeralda v. District Court, 18 Nev., 438; Thompson v. Multnomah County, 2 Ore., 34. But it is not essential that the proceedings should be strictly and technically 'judicial' in the sense in which that word is used when applied to courts of justice. It is sufficient if they are what is sometimes termed '*quasi* judicial.' The body or officers acting need not constitute a court of justice in the ordinary sense. If they are invested by the legislature with the power to decide on the property rights of others, they act judicially in making their decisions, whatever may be their public character. Robinson v. Supervisors, *supra.*"

In this state no public office or employment is property. Donahue v. County of Will, *supra;* People *ex rel.* v. Kipley, 171 Ill., 44. In the case first cited Donahue was removed

from his office of county treasurer by the Board of Supervisors, upon the ground that he was a defaulter. He sued out a common law writ of *certiorari* to review the proceedings of the County Board which resulted in his removal. The Circuit Court quashed the writ. The Supreme Court held that Donahue had no title or property in his office of county treasurer and therefore the act of removal did not deprive him of any property; that the settling of his accounts by the County Board, the finding that he was in arrear, and the order that he be removed from his office was an executive and not a judicial or a *quasi* judicial act and therefore was not subject to review by the courts on *certiorari,* and affirmed the judgment quashing the writ. In the Kipley case the validity of section 12 of the Civil Service Act was challenged upon the ground that it conferred upon the Commissioners the power to deprive a man of his property by removing him from office without a trial by a jury, and it was said, p. 70, 71: "This position is wholly untenable. A public office is not property, nor are the prospective fees of an office the property of its incumbent.  *  *  *  In Donahue v. County of Will it was held that a law which authorized county boards to remove county treasurers from office on certain violations of law, was not unconstitutional; that the removal of an officer from office was not a judicial act.  *  *  *  If the removal of a county official for cause does not involve the exercise of judicial power, then certainly the removal of a municipal officer is not the exercise of judicial power."

Our conclusion from the decisions of our Supreme Court is, that the power of removal conferred by the statute upon the Civil Service Commissioners is executive and their proceedings in making such removals are not subject to review on *certiorari*. As from this conclusion a judgment of affirmance follows, we do not deem it necessary to pass upon the other grounds for affirmance urged by counsel for the defendant in error.

The judgment of the Superior Court will be affirmed.

*Affirmed.*