## Robert Lindblom, et al. v. James A. Blake.

### Gen. No. 11,873.

1. CERTIORARI—*when lies.* The writ of *certiorari* only lies to in-
ferior tribunals or bodies exercising judicial functions, and the act
to be reviewed must be judicial in its nature and not ministerial
and must have pertained to the property rights of the petitioner.

2. PUBLIC OFFICE—*not private property.* A public office or em-
ployment is not private property in this State.

3. CIVIL SERVICE COMMISSION—*certiorari does not lie to review
proceedings of.* A writ of *certiorari* does not lie to review the pro-
ceedings of the Civil Service Commission of the city of Chicago.

See City of Chicago v. Bullis, *ante,* p. 7; City of Chicago v. Con-
dell, *ante,* p. 64; City of Chicago v. Gillen, *ante,* p. 210.

*Certiorari* proceeding. Error to the Circuit Court of Cook County;
the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch
Appellate Court at the March term, 1904. Reversed. Opinion filed
January 30, 1906.

J. W. BECKWITH, Assistant Corporation Counsel, for plaintiffs in error; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

JAMES TODD and RICHARD J. COONEY, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a writ of error bringing before us for review the proceeding of the Circuit Court under a petition for writ of *certiorari* filed in behalf of defendant in error against the Civil Service Commission of the city of Chicago. The petition prays that a writ of *certiorari* may issue directing the Civil Service Commission to bring the record of its proceedings in the trial of charges filed with the commissioners against petitioner, which trial resulted in his discharge by said commissioners from the police force, the withdrawal of the certification of his name to the Superintendent of Police and striking his name from the eligible list; and petitioner prays that such record of the proceedings of the Commission be set aside and quashed. The Circuit Court entered judgment accordingly.

It is urged in behalf of plaintiffs in error that the Circuit Court was without jurisdiction to enter such judgment; that the writ of *certiorari* lies only to inferior tribunals or bodies exercising judicial functions, and that the act to be reviewed must be judicial in its nature and not ministerial or legislative; that removal from office by the Civil Service Commission is the exercise of ministerial or executive power and not power of a judicial or *quasi*-judicial nature. We concur in this contention. See Commissioners of Drainage, etc., v. Griffin, 134 Ill., 330–340. Whether or not the body whose acts are thus sought to be reviewed acted judicially in making the decision complained of may depend generally upon whether or not its members "are invested by the legislature with the power to decide on the property rights of others." Commissioners v. Griffin, *supra.* In the case at bar the Circuit Court found that the Civil Service Commission, without

legal right or authority, had removed the defendant in error from the police force and his name from the classified list, and that its action in so doing was irregular and illegal; in other words that the Commission had wrongfully deprived defendant in error of a public office. · If a public office or employment is not property, the Circuit Court could not properly review the proceedings on the ground that the Commissioners had deprived him of a property right. In this State a public office is not property. It is "a mere right to exercise a public function or employment. It is not the subject of sale, purchase or incumbrance." People v. Kipley, 171 Ill., 44–71; Donahue v. County of Will, 100 Ill., 94.

The question here presented was before us in the case of Adolph Kusel v. City of Chicago, 121 Ill. App., 469, where the record presented "the question whether a writ of *certiorari* lies to review the act of the Civil Service Commissioners removing a Civil Service officer or employee," and it was held "that power of removal conferred by the statute upon the Civil Service Commissioners is executive and their proceedings in making such removals are not subject to review on *certiorari.*" It follows that the judgment of the Circuit Court quashing the proceedings of the Civil Service Commission in the case of defendant in error was erroneous, and must be reversed.

*Reversed.*