## MARY MANNY

*v.*

## WILLIAM H. RIXFORD.

44  129
36a 114
44  129
70a 321

1. PLEADING—*pleas amounting to general issue.* Where the general issue and special pleas are filed, and the matter of the special pleas can be given in evidence under the general issue, the special pleas are obnoxious to demurrer, and may be stricken from the files.

2. GIFT—*husband and wife.* At law, a gift from husband to wife is ordinarily void, and, being so, can be revoked by the husband. Courts of equity will, in certain cases, support such gifts, but require clear and incontrovertible evidence.

APPEAL from Circuit Court of Winnebago county; the Hon. BENJ. R. SHELDON, Judge, presiding.

The facts are sufficiently stated in the opinion of the court.

Messrs. LATHROP & BAILEY, for the appellant.

Mr. CYRUS F. MILLER, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This record presents this case: On the 11th of February, 1865, appellee was united in marriage to Mary E. Rixford, he having a few days previously enlisted into the army of the United States, receiving thereon a bounty of four hundred dollars. On the 21st of February, Mary E., his wife, loaned of this money three hundred and sixty-five dollars, with interest, at ten per cent, and payable on demand, to appellant, for which she executed her note to Mary E. Rixford.

The declaration was in assumpsit, counting on this note, and the common counts were added.

The defendant demurred to the first count of the declaration, assigning, for cause, that the plaintiff was not a party to the promise, and it was not shown he had any interest in the same.

9 — 44TH ILL.

The demurrer was overruled, and thereupon the defendant pleaded the general issue, and five special pleas to the first count, setting up, substantially, that the note was her separate property, and that she was living separate and apart from her husband, conducting her own business, and that the consideration of the note was received from Mary E. Rixford, as her separate property, and the note was made and delivered to her as her separate property.

The sixth special plea alleged, in substance, that the note was made for money loaned of Mary E. Rixford, which money she had received in good faith from some person other than the plaintiff, and that the note was her sole and separate property, and not the property of the plaintiff.

To each of these special pleas there was a special demurrer, assigning, for cause, that they amount to the general issue, and are not responsive to the declaration.

The court sustained the demurrer, on the ground that the general issue having been pleaded, the matter of the special pleas could be given in evidence under that plea.

There was a trial by jury, and a verdict for plaintiff for three hundred and twenty dollars, the balance due upon the note. A motion for a new trial was overruled, and judgment rendered on the verdict.

To reverse this judgment the defendant brings the case here by appeal, and assigns several errors, the most important of which will be noticed.

As preliminary, we have to say, that the objection taken to the proceedings of the court, to compel the production of the note as evidence in the cause, does not involve in any degree the merits of the controversy, for the question was still before the jury as to the ownership of the note.

No point is made in appellant's brief on the first error assigned, which was, in sustaining the demurrer to her special pleas and striking them from the files. The ruling of the court was correct in this particular, for the matter of those pleas could be given in evidence under the general issue, and were inquired into on the trial, as the record shows.

The main controversy arises upon the instructions given for the appellee and in refusing the seventh and last instruction asked by the appellant. They involve the whole merits of the case, and to them we have directed our attention.

The plaintiff's instructions were as follows;

" That a note made payable to a married woman is, in law, payable to her husband, and that he is entitled to sue in his own name and recover upon it, unless the consideration for said note was for money or property, either personal or real, belonging to her as her sole and separate property before or at the time of her marriage; or for money or property which she has acquired in good faith since her marriage from some person other than her husband, by descent, devise or otherwise, or for rents, issues or profits thereof.

" That, if the jury believe, from the evidence, that the note in question was given for money loaned to defendant, and that the money so loaned to defendant was, while belonging to the plaintiff, put into the possession of the wife of the plaintiff, by the plaintiff, after their marriage, and was by her loaned to the defendant, and the note in controversy in this cause taken therefor, that then the plaintiff is entitled to recover.

" That, if the jury believe, from the evidence, that the consideration of the note in controversy in this cause, was for money given by the plaintiff to his wife, upon the occasion of his departure into the army as a soldier, and after their marriage, that it did not thereby become her sole and separate property, by virtue of the law of February 21st, 1861, so as to enable her to sue for and recover it in her own name; but that the plaintiff, as her husband, is entitled to sue for and recover the same."

The seventh instruction asked by appellant and refused is as follows:

" That, as between themselves, gifts of money and personal property from husband to wife are lawful, and, when made, become the separate property of the wife if not prejudicial to

the creditors of the husband. And should the jury believe, from the evidence, that the plaintiff gave to Mary E. Rixford the money for which the note in question was made, and that afterward she loaned such money to the defendant, and took therefor the note in question, and that the note was made and delivered to her, and has ever since been in her possession ; then the said note became and was her, Mary E. Rixford's, property, and the plaintiff has no right to recover in this action upon said note against the will of said Mary E. Rixford."

It is insisted by appellant that these instructions given for appellee, especially the first and third, entirely ignore the first clause of the act of 1861, and the whole doctrine of gifts from the husband to the wife, and on the same theory, the appellant insists, her seventh instruction was refused.

The married woman's act of 1861 has been considered by this court in several cases. The first was *Emerson* v. *Clayton*, 32 Ill. 493, in which it was held that a married woman might sue alone to recover her own property, " the sole control " over it being vested in her by that act.

In the case of *Rose* v. *Sanderson*, 38 Ill. 347, it was said this act provided for three classes of cases, first, for property " belonging to any married woman as her sole and separate property," at the time when the law took effect; second, for the property of women thereafter to be married ; and, last, for property thereafter to be acquired by a married woman in good faith through some source other than her husband.

In *Farrell* v. *Patterson*, 43 Ill. 52, the same classes were recognized.

It is very manifest, we think, that the claim of the wife in this case cannot be arranged into either of these classes. The proof is satisfactory, that this money the wife loaned to appellant, for which the note was given, was money left with her by appellee, her husband, on his entering the army, and that he demanded the note as his property on his return. His wife refused to surrender it, claiming that he had given her the money, which he denied.

Now, on the hypothesis that this money was a gift from the husband to the wife, such gifts are ordinarily void at law, and being so can be revoked by the husband. Courts of equity will, in certain cases, support such gifts, and most of the cases in which this question has been debated and decided, are cases where the heir at law or devisee was claiming against the wife. Even in those cases clear and incontrovertible evidence is required to establish such gifts as a matter of intention and fact. 2 Kent Com. 163; 2 Story Eq. Jur. § 1374. Here, such proof is wholly wanting, and the proceeding is at law.

The court, therefore, properly gave to the jury the first and third instructions, and properly refused the defendant's seventh instruction, because, if it was a gift from the husband, it was void in law and subject to revocation by the husband.

In the case of *Farrell* v. *Patterson*, *supra*, it was held, when the wife sets up this statute and claims rights under it, the burden of proof, as in all other cases where an affirmative fact is alleged, is on the wife to maintain the issue.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*