# ADAM SWARTZ

## *v.*

# MARY EARLS.

1. CONTRACTS—*obligation to pay money collected, to a third person.* A soldier placed his discharge in the hands of an attorney, for the purpose of collecting his bounty, which, when collected, and after deducting the attorney's fee, was to be paid to the wife of the soldier, as appeared from the attorney's receipt. Afterwards, and before any money was paid over, the soldier obtained a divorce from his wife, and entered into a contract with her, whereby he transferred to her his claim for bounty, in consideration of her undertaking to take charge of their children: *Held*, the attorney, having no notice of such contract of transfer, would be protected in paying the money to the husband, after the contract was made.

2. REVOCATION *of authority to pay money to a third person.* An attorney, receiving a claim for collection, stated in his receipt therefor that the money, when collected, was to be paid to a third person. This was held to be merely an authority to the attorney to dispose of the proceeds of the claim in that manner, and such authority could at any time be revoked.

APPEAL from the Circuit Court of Hancock county; the Hon. JOSEPH SIBLEY, Judge, presiding.

The opinion states the case.

Mr. D. MACK, for the appellant.

Mr. G. ÉDMUNDS, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

William Earls, a soldier in the late war, gave his discharge to Swartz, the appellant, for the purpose of procuring a bounty due him from the government, and took from Swartz the following receipt:

"Received, Nauvoo, Ills., August 25th, 1866, of William Earls, his discharge, for the purpose of obtaining his bounty, which, if obtained, I am to retain out of the same, eleven dollars, and if not obtained, said Earls is to pay me six dollars upon delivery of his discharge to him; the balance of said bounty to be paid to his wife, whose receipt shall be good for the same.

"ADAM SWARTZ."

At the March term, 1867, of the Hancock circuit court, William Earls obtained a divorce from his wife, Mary Earls, the appellee herein, and after the decree of divorce was pronounced, entered into a written contract with said appellee, by which the latter undertook to take charge of their children, and in consideration thereof the former transferred to appellee all his personal property, including his claim for bounty money, and expressly directed Swartz to pay said money, when collected, to appellee. Swartz collected the money, and this suit was brought against him by Mary Earls to recover the amount collected. Swartz defends, on the ground that he paid the money to Earls before the commencement of this suit.

There is no evidence that Swartz had any notice of the contract made between Earls and his wife after the decree of divorce, and if he had not, there can be no doubt that his payment of the money to Earls, if such was made, was a good defense to this suit. The receipt executed by Swartz, on the twenty-fifth of August, 1866, so far as it provides for the payment of the bounty, when obtained, to the wife of Earls, must be construed merely as giving Swartz authority to pay it to her, and thus discharge himself from liability. Even conceding that the wife, after her divorce, might maintain an action in her own name for the recovery of the money while it remained in the hands of Swartz, still, so long as he remained ignorant of the contract executed after the divorce, he had the right to make payment to Earls. Independently of that contract, the money belonged to Earls, and the authority to pay it

to his wife he could at any time revoke.  *Manny* v. *Rixford,* 44 Ill. 129.

In the view we have taken of the case, it is not necessary to construe the act of congress in regard to the assignment of claims for bounty.  The defendant testified he had received from the government a draft for the bounty money of one hundred dollars, payable to Earls, and had endorsed it to him, and produced his receipt for the money, which was admitted in evidence without objection.  On this state of the evidence we can see no ground on which the jury could have properly found a verdict for the plaintiff.

The judgment is reversed and the cause remanded.

*Judgment reversed.*