| 66   267|
| 50a  464|
| 66   267|
| 73a  609|

## JOHN C. COVER

*v.*

## WILLIAM ARMSTRONG.

ABATEMENT—*plea to attachment.* Where a plea in abatement to an attachment writ denies the non-residence of the defendant at the time of the suing out of the writ, but in an argumentative manner, the defect in the plea can be reached only by special demurrer specifying its argumentativeness as a cause.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was a suit in attachment, brought by the plaintiff in error against the defendant in error. The cause of attachment was, that Armstrong had departed from this State with the intention of having his effects removed from the State to the injury of the plaintiff, and that defendant was a non-resident of the State.

The defendant pleaded in abatement of the writ, " because, he says, that at the time of the said writ of attachment against him, he had not departed from this State, with the intention of having his effects removed from this State, as by said affidavit is alleged against him. And, further, he says that at the time of issuing said writ of attachment against him, he

had not removed from the State of Illinois with the intention of remaining permanently out of the State; that he was only temporarily absent transacting business, and that he is now an actual resident of this State, and that at the time of issuing said writ of attachment against him, he had real and personal property in the said county of Knox, and State of Illinois, more than sufficient to pay all his debts, and that he had no intentions of removing the same from this State, or disposing of the same to the injury of his creditors; and this, he prays, may be inquired of by the country. Wherefore he prays, etc."

To this plea the plaintiff filed a special demurrer, assigning the following causes:

1. The plea does not traverse all the allegations in plaintiff's affidavit upon which the writ was issued.

2. The plea is double.

3. The plea is not signed by the defendant, and is, in other respects, uncertain, informal and insufficient.

The court below overruled the demurrer and quashed the writ of attachment.

Messrs. CRAIG & HARVEY, for the plaintiff in error.

Messrs. HANNAMAN & KRITZINGER, for the defendant in error.

Per CURIAM: The demurrer to the plea in abatement was properly overruled. The plea denies the non-residence of the defendant, but denies it argumentatively. For this reason it was liable to a special demurrer. The demurrer in this case was special, but did not specify this as a ground of demurrer. The demurrer was therefore properly overruled. The facts stated in the plea show the defendant was not a non-resident of the State when the action was commenced. If the defendant was not content with this argumentative denial of the affidavit, he should have stated that as one of the causes of a special demurrer.

*Judgment affirmed.*