### RICHELIEU HOTEL COMPANY
### v.
### THE INTERNATIONAL MILITARY ENCAMPMENT COMPANY, FOR USE, ETC.

*Contracts—Subscription—Recovery of—Consideration.*

1. In an action brought to recover from a hotel company the amount subscribed by it in aid of a given enterprise, the defense in part being that the subscription was *ultra vires*, and accord and satisfaction, this court declines, in view of the evidence, to interfere with the judgment for the plaintiff.

2. The defendant in the case presented having filed a special plea attacking the consideration, that defense, if true, being admissible under the general issue, it was not error to sustain a demurrer to the plea, whether the same was good or bad.

[Opinion filed July 23, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. S. K. Dow, for appellant.

Messrs. CRATTY BROS. & ASHCRAFT, for appellee.

GARY, J. This is another action in assumpsit upon the same subscription paper set out in the foregoing case.

These cases met below, and meet here, the same result. So much of the opinion in that case as is applicable to this, will not be repeated here.

In this case the appellant filed a special plea attacking the consideration. As that defense, if true, was admissible under the general issue, it is no error that a demurrer was sustained to the plea, whether it was good or bad. The cases are collected in Wineman v. O'Berne, 40 Ill. App. 269.

The president of the company testified to some promises made by the person presenting the subscription paper, as to the hotel being made headquarters, but even upon his testimony the promises were very vague, and no evidence was offered as to the amount of damages, if any, sustained by their non-performance.

The defenses mainly relied upon here, that are not considered in the other cases, are :

*First.* The subscription by the hotel company is *ultra vires*, and therefore void.

*Second.* Accord and satisfaction.

To the first objection the answer is, that it is not clear that such a subscription is *ultra vires*. It is not to be questioned that a hotel may advertise, circulate pamphlets describing and pictorially representing its attractions, employ runners, cabs, carriages, and in divers other modes seek custom. Where is the limit except in the prudence and discretion of those to whom the conduct of the hotel is intrusted? It would be arrogance for this court to assume that it better knows how to keep a tavern than the experienced gentlemen whose names are appended to the subscription.

To the second objection the answer is that there is no evidence of accord and satisfaction. After the appellees had incurred large expenses and liabilities, the president of the appellant gave his own check for $100 to the president of the appellee, saying it was all he could do; that his stockholders would not allow his subscription; that the appellant heard nothing more of the matter for eight months, does not make that transaction anything more than a payment on account.

*Judgment affirmed.*