<hr />

## Iron Clad Dryer Co. v. Chicago Trust and Savings Bank.

1. *Pleading—Special Demurrer—Objections to Form.*—On a special demurrer, no objections as to form can be made, other than those stated in the demurrer itself.

2. *Pleading—Replication, Double and De Injuria.*—Where the defense

462     APPELLATE COURTS OF ILLINOIS.

VOL. 50.]   Iron Clad Dryer Co. v. Chicago Trust & Savings Bk.

is an excuse for not performing a promise which the defendant has in fact made, however many the parts or facts of that excuse may be, the replication may be *de injuria*, *i. e.*, that the defendant of his own wrong and without the cause by him in his plea alleged, broke his promise.

**Memorandum.**—Assumpsit.   In the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.   Demurrer to replication; appeal by defendant.   Heard in this court at the March term, 1893, and affirmed.   Opinion filed January 30, 1893.

The opinion states the case.

MORAN, KRAUS, MAYER & STEIN, appellant's attorneys.

J. G. HENDERSON, appellee's attorneys.

OPINION OF THE COURT, GARY, P. J.

In its most important feature, this case resembles Magner v. Trumbull, 33 Ill. App. 646.   The appellee sued the appellant in assumpsit upon two promissory notes, and the question for us is, whether the court erred in overruling demurrers to replications to special pleas.   We copy from the abstract the pleas, replications and demurrers.

" Plea of the general issue, with affidavit of merits to the whole of plaintiff's demand.

2d plea.   That the supposed notes in the first and second counts mentioned were at the time of the execution thereof by the defendant, delivered to said Leyser, as an accommodation merely and without consideration passing to the defendant, whereof the plaintiff had notice; that said notes were received by said plaintiff from said Leyser without any good or valuable consideration moving from plaintiff to Leyser or to the defendant, and so the defendant says that the notes and the transfers thereof were made without any good and valuable consideration, and this the defendant will verify.

3d plea.   That the notes in the first and second counts mentioned, were, at the time of the execution thereof by the defendant, delivered to said Leyser, without any consideration passing to the defendant, whereof the plaintiff had notice, and so the defendant says that said notes were made

without any good and valuable consideration, and this the defendant will verify.

Replication to second plea: That said notes were not made and delivered to said Leyser as accommodation merely, and without any consideration passing to the defendant, and that the plaintiff did not have notice thereof, and that it is not true that the transfer of said notes from said Leyser to the plaintiff, was without any good and valuable consideration, and of this the plaintiff puts itself upon the country.

Replication to third plea: That said promissory notes were not made by the defendant and delivered to said Leyser without any consideration passing to the defendant, and that the plaintiff did not have notice thereof, and of this the plaintiff puts itself upon the country.

General and special demurrer to replication to second plea.

1. Special cause. Said replication is double, in that it undertakes to traverse in one and the same replication, the three material and essential allegations of said plea, to wit:

*a.* That the notes in said declaration mentioned were by the defendant, at the time of the execution thereof, delivered to said Leyser as an accommodation merely, and without any consideration to the defendant.

*b.* That the plaintiff had notice of the foregoing.

*c.* That the transfer of said notes from said Leyser to the plaintiff was without any good and valuable consideration.

Each of said allegations should have been traversed in and by a separate and distinct replication.

2d. And also that said replication is in other respects informal, uncertain and insufficient, etc.

General and special demurrer to replication to third plea.

First special ground : Said replication is double in undertaking to traverse in and by one replication the two material and essential allegations of said plea, to wit :

*a.* That the notes in said declaration were at the time of the execution thereof, delivered to said Leyser without any consideration whatever to the defendant.

464　　Appellate Courts of Illinois.

Vol. 50.] Iron Clad Dryer Co. v. Chicago Trust & Savings Bk.

*b.* That the plaintiff had notice of the foregoing.

Each of said allegations should have been traversed in and by a separate and distinct replication.

2d. And that the said replication is in other respects informal, uncertain, insufficient, etc."

On special demurrer no objections as to form can be made, other than those stated in the demurrer itself. Cover v. Armstrong, 66 Ill. 267; Holmes v. Chicago & Alton R. R. Co., 94 Ill. 439.

Now if in one replication in any form, all the matter of the plea may be denied, the objection that the replications are not in proper form, does not arise on these demurrers for duplicity.

At common law most defenses in assumpsit were admissible under the general issue. Wilson v. King, 83 Ill. 232; Richelieu Hotel Co. v. International Military Encampment Co., 41 Ill. App. 268.

When in England the rules of Hilary Term, 1834, narrowed the effect of the general issue, and required most defenses to be specially pleaded, it became a serious question how a plaintiff might meet a defense composed of several parts, each material, which was specially pleaded. Notes to Crogate's Case, 1 Smith's Leading Cases, 53. The later editions of that work for some incomprehensible reason, have omitted that case. The same question comes up under our statute governing pleading defenses to promissory notes, etc.

For the first time in England it was held in Isaac v. Farrar, 1 Mees. & Wels. 65, that where the defense was an excuse for not performing the premise which the defendant had in fact made, however many the parts or facts of that excuse, the replication might be *de injuria, i. e.,* that the defendant of his own wrong and without the cause by him in his plea alleged, broke his promise.

In Griffin v. Yates, 2 Bing. N. C. 579, 29 E. C. L. 670, a case similar to the present one, the court, without deciding that the replication was bad, gave the plaintiff leave to amend, and, as must be inferred, by substituting *de injuria*

for his double replication. So long as pleading remained governed by common law principles in England, this rule stood. Robinson v. Little, 9 Ad. & Ed., N. S., or 58 C. E. L. 602.

The causes of demurrer assigned in this case would be just as applicable to *de injuria* as to the replications demurred to. One would be as double as the other, and that not being good cause in itself, the only objection is that the replications should have been shorter and more compendious.

This review makes it unnecessary to consider the deficiency of the pleas. Probably they do not negative every mode in which the notes may be supported by a consideration somewhere. Riley v. Loughray, 22 Ill. 97; Smith v. Doty, 24 Ill. 163.

The judgment is affirmed.