## Travelers' Preferred Accident Association v. John J. Moore.

1. PLEADING—*Special Plea Amounting to the General Issue.*—A special plea which is in effect but the general issue is obnoxious to a special demurrer.

2. SAME—*Defenses Under Special Pleas, When Admissible Under the General Issue.*—Where a defendant files a special plea and the defense set up by it can be shown under the general issue, which is also pleaded, it is not error to sustain a special demurrer to the special plea.

3. PRACTICE—*Evidence, When to Be Offered Under the General Issue.*—Where a defendant pleads both the general issue and a special plea, to which a demurrer is sustained on the ground that it amounts to the general issue, unless he offers evidence of his defense under the general issue and the court rejects the same, he can not avail himself of the point on appeal.

Assumpsit, on a policy of insurance. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

LOUIS SHISSLER, attorney for appellant.

DOOLITTLE, TOLMAN & POLLASKY, attorneys for appellee.

It is contended that there is no reversible error in sustaining a demurrer to a special plea, when such matter could have

been shown in evidence under the plea of the general issue, and was not offered and excluded on the trial under such plea. Hankins v. People, 106 Ill. 628; Hartford Fire Ins. Co. v. Olcott, 97 Ill. 439; Smith v. Peoria Co., 59 Ill. 412; Governor v. Lagow, 43 Ill. 135; Jones v. Council Bluffs, etc., 34 Ill. 313; Wilson v. King, 83 Ill. 232.

In such case it must appear that evidence was offered and rejected by the court. Curtis v. Martin, 20 Ill. 557.

A plea must be construed most strongly against the pleader. Dougherty v. Catlett, 129 Ill. 431; Woodward v. Paine, Breese 295.

A demurrer admits only the facts well pleaded; it does not admit the conclusions or inferences which are in the pleading alleged to have arisen therefrom. Gould's Pleading, Sec. 4, p. 429; Coke on Littleton, 71 b; People v. Hatch, 33 Ill. 9 (125-6); Compher v. People, 12 Ill. 290; Fogg v. Blair, 139 U. S. 118; Kent v. L. S. Canal Co., 144 U. S. 75.

Mr. Justice Shepard delivered the opinion of the Court.

This cause was submitted to the court below without a jury, and resulted in a judgment in favor of appellee for $420. The suit was to recover upon a policy of insurance against accidental bodily injuries. There was no evidence offered by the appellant, the defendant below. The policy provided for the payment of $30 per week, for as many weeks, not exceeding 104, as total disability should ensue.

The evidence disclosed that appellee was injured in the left knee, and in other places less seriously, by a fall from a bicycle, on July 25, 1893, and tended to show that he was wholly disabled from attending to his business for a period of fourteen weeks, and the court so found, and gave judgment accordingly.

To the declaration, which consisted of one special count, the defendant (appellant) pleaded the general issue, and also a special plea, setting up a by-law of the appellant, which is as follows:

" Any member who has sustained injuries in the body or

lower limbs shall remain confined to the house until he shall have fully recovered from such injuries. In case he shall go out of the house before he has recovered, he shall not receive any indemnity from and after the date he shall have gone out of the house," and averring that the injuries sued for occurred to the body and lower limbs of the plaintiff, and that the plaintiff did not remain confined to the house until he had fully recovered, but that he went out of the house, to wit, on the first day of August, 1893.

To such special plea a demurrer was interposed and sustained.

The main contention is that the demurrer to the plea should not have been sustained.

The declaration charged a liability under the terms of the policy, and in no other way, and set forth a copy of the policy wherein it is expressly stated that the appellee was insured "subject to the by-laws," etc.

If the appellant had desired, it could have proved the same defense under the general issue that was tendered by the special plea, but it offered no evidence whatever.

We said, in Wineman v. Oberne, 40 Ill. App. 269, " The general issue was on file. On the trial the appellants offered no evidence. Unless the court rejected evidence of the defense pleaded, when offered under the general issue, it is not material whether the special plea was good or bad," and cited the authorities.

Again, we held, in Richelieu Hotel Co. v. International Military Encampment Co., 41 Ill. App. 268, the same way, saying:

"In this case the appellant filed a special plea attacking the consideration. As that defense, if true, was admissible under the general issue, it is no error that a demurrer was sustained to the plea, whether it was good or bad.

Such also, is the doctrine of Curtis v. Martin, 20 Ill. 557. Where a special plea is, in effect, but the general issue, it is obnoxious to a special demurrer.

Even admitting * * * that the right is given to the party to plead the defense specially, he should have done so

without pleading the general issue, in order to have availed himself of an error in the decision of the court sustaining a demurrer to his special plea. He should not incumber the record with two pleas, when one would secure to him every possible advantage. Admitting that the court was technically wrong in sustaining the demurrer, still he has sustained no injury by the decision. * * * What good to him to have two issues of precisely the same character? If there was error, there was no injury; but we are of opinion that there was no error." Klein v. Currier, 14 Ill. 237.

Whether the damages were excessive because of the testimony of the appellee that he drove out at different times, beginning within six or eight weeks after the injury, we need not inquire.

The appellant, although it had the right to do so under the general issue, declined or neglected to offer the by-laws in evidence, and it, therefore, is not made to appear in the record, that there was any such by-law as was set up by the special plea.

The judgment of the Circuit Court is affirmed.