## John Ruddy v. Philadelphia & Reading C. & I. Co.

1. PLEADING—*Pleas Setting up Matter Admissible Under the General Issue.*—It is proper to sustain a demurrer to a special plea where the matters specially pleaded were admissible in evidence, if offered under the general issue.

2. JUDGMENTS—*Presumptions in Favor of.*—All presumptions necessary to support a judgment at law will be indulged in until overcome, and where there is no bill of exceptions a court of appeal will presume that all evidence in possession of a party to sustain his action or defense was admitted.

3. ORDINANCES—*An Ordinance of the City of Chicago Construed.*— An ordinance of the city of Chicago provided that "any person engaged in the business of selling coal in the city of Chicago, to be delivered in said city, shall deliver to the purchaser at the time of the delivery of the coal purchased, a certificate, signed by a city weigher, showing the weight of the coal so delivered, and the weight of the wagon or cart." *Held*, that the ordinance was intended to apply to sales of coal by weight to be delivered by wagon or cart, and that an allegation that coal was so sold and delivered is necessary to state a case under the ordinance.

Assumpsit, upon a guaranty. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

S. G. ABBOTT, attorney for appellant.

ULLMANN & HACKER, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action brought upon a contract of guaranty given by the appellant to the appellee, whereby he guaranteed the payment by one McCarthy, to the extent of $300, for coal sold by the appellee to said McCarthy. The guaranty was specially counted upon, as was necessary it should be; and to such special count a special plea was filed, setting forth that the appellee had not complied with an ordinance of the city of Chicago regulating the sale of coal, by reason whereof the sale of said coal to said McCarthy was illegal and void. To such special plea a general demurrer was sustained, and for that, error is assigned.

The plea was unnecessary. The defense could have been

Ruddy v. Philadelphia & Reading C. & I. Co.

made under the plea of the general issue that was filed; and the law is that it is not error to sustain a demurrer to a special plea where the matters specially pleaded were admissible in evidence, if offered under the general issue. Travelers' Pref. Acc. Co. v. Moore, 58 Ill. App. 634; Hartford Fire Ins. Co. v. Olcott, 97 Ill. 439.

See, also, Hankins v. The People, 106 Ill. 628, which although a criminal case, is the same in principle.

There is no bill of exceptions here, although the record shows that the cause was submitted to a jury upon whose verdict the judgment was entered; and because all presumptions necessary to support a judgment at law will be indulged in until overcome, we may not know that all the evidence appellant had to sustain his defense was not admitted, as it might have been, under the general issue. Curtiss v. Martin, 20 Ill. 557; Manny v. Rixford, 44 Ill. 129.

The section of the ordinance relied upon is as follows:

" Any person or persons engaged in the business of selling coal in the city of Chicago, to be delivered in said city, shall deliver to the purchaser at the time of the delivery of the coal purchased, a certificate signed by a city weigher, showing the weight of the coal so delivered, and weight of the wagon or cart." Sec. 1213, Art. 13, Ch. 15, of the ordinance.

And the next section prescribes a penalty, by fine, of from $20 to $40, for each offense.

The special plea was defective in not setting up that the coal was sold by weight, and delivered by wagon or cart. It is manifest that the quoted section of the ordinance was intended to have application to sales of coal by weight, and delivered only by wagon or cart; and an allegation that the coal in question was so sold and delivered was material and necessary to state a case under the ordinance. For aught that appears the coal may have been sold by cargo, car load or pile, and delivered in that form, and hauled by the purchaser himself.

No other question being involved on this appeal, the judgment of the Circuit Court is affirmed.