# CASES

## IN THE

# APPELLATE COURTS OF ILLINOIS

73  601
79  126
73  601
178s 212

---

## FOURTH DISTRICT—FEBRUARY TERM, 1898.

---

## Phoenix Insurance Co. of Hartford v. S. A. Hedrick.

1. PLEADING—*Requisites of a Special Demurrer.*—A special demurrer, like a plea in abatement, must be certain to a particular intent.

2. PRACTICE—*Overruling a Demurrer—Harmless Error.*—An error in overruling a demurrer to a replication to a plea in abatement is harmless if the plea in abatement is bad since in that case the demurrer should have been carried back and sustained to the plea.

3. DEMURRER—*On a Record Presenting a Plea in Abatement.*—A demurrer on a record presenting a plea in abatement, searches the record back to such plea only, since the plea does not profess to answer the declaration, but goes only to the writ.

4. PLEAS IN ABATEMENT—*Certainty Required.*—A plea in abatement ought to be certain to every intent in particular.

'5. DEFAULTS—*Admissions by.*—The entire cause of action, except the amount of damages as stated in the declaration, is admitted by a default.

6. EXCEPTIONS—*Application of Section 61— Practice Act.*—Section 61 of Chapter 110, Revised Statutes, entitled "Practice" allowing an exception to the final judgment, to be taken in trials by the court without a jury by consent of the parties has no application to a case where a defendant, having filed a demurrer, elects to stand by the same, and the court enters judgment by default and assesses the damages on evidence heard.

7. DAMAGES—*Assessment of After Default.*—A proceeding to assess damages after a default is in no sense a trial, but more in the nature of a special proceeding. Under the early common law of this State the sheriff was authorized to execute the writ of inquiry anywhere in his county, and the proceeding need not be in a court at all. (The court presumes it may still be the law. Vallandingham v. Fellows, 1 Scam. 233.)

(601)

8. EXCEPTIONS—*Must be Taken to Assessment of Damages on Default.*—
When the demurrer of a defendant is overruled and he is ruled to plead,
refuses to do so, but elects to stand by his demurrer, the court enters judg-
ment by default and proceeds to assess the damages, from which he prays
an appeal, a motion is necessary to set aside the assessment, and if dis-
allowed, an exception must be taken before the action of the court can be
assigned as error.

Assumpsit, on an insurance policy.  Error to the Circuit Court of Rich-
land County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding.
Heard in this court at the August term, 1897.  Affirmed.  Opinion filed
March 1, 1898.

### STATEMENT OF THE CASE.

This is an action of assumpsit brought by appellee
against appellant to recover for a loss under a fire in-
surance policy issued by appellant on the buildings and
personal property of appellee, described in the policy.
It was made September 2, 1895, for a term of three
years, and covered a loss not exceeding $2,575.  The
greater part of the property covered by it was destroyed
by fire the night of February 3, 1896.

The particular provisions of the policy necessary to be
referred to, are as follows:  "If the assured shall not
be the sole and unconditional owner in fee of said prop-
erty, then this policy shall be null and void.  In case
of loss the assured shall give this company immediate
notice therof, at its branch office in Cincinnati, Ohio,
and within sixty days thereafter, render under oath to
its office, aforesaid, a particular account of said loss,
setting forth the date and circumstances of the same,
the title and occupation of the property, and shall fur-
nish an itemized statement of the building or buildings,
by some reliable builder.  * * *  And until the proofs
required herein are made, the loss shall not be pay-
able."

Immediately after the fire appellee notified the com-
pany of his loss, and on March 16, 1896, he mailed to

appellant certain preliminary proofs of loss required by the policy, with a letter requesting appellant to immediately notify appellee of any change desired in the proofs. On the thirty-first of March, appellant remailed the proofs to appellee, with a letter pointing out certain specific objections to them, but on the same date and before the proofs and letter were received by appellee, this suit was commenced. To the declaration appellant interposed a plea in abatement, the substantive portion of which, besides what is above quoted rom the policy, is as follows:

"And the defendant says that the plaintiff has not complied with all the terms, conditions and stipulations of said policy above set forth, but avers that on the sixteenth day of March, 1896, said defendant received what was designated, or purported to be a proof of loss, but the same did not state and set out the title of the property, and did not show the commercial value of the articles of personal property claimed to have been consumed and destroyed; and the defendant says that said writing, designated as a proof of loss, was not accepted by the defendant, and the defendant did, on the thirty-first day of March, 1896, refuse said writing and wrote the plaintiff, to his postoffice address, to wit, at Noble, Illinois; and on the third day of April, 1896, defendant wrote one Parke Hutchinson, attorney for the plaintiff, and refused said writing designated as a proof of loss, and pointed out the specific objections to the same, and thereby pointed out wherein the same was defective, particularly setting forth that the same did not show the title to the property and did not state the interest of assured to the property destroyed, to be the owner in fee simple; and furthermore demanding and asking for certified plans and specifications and certified duplicate bills of purchase, for the contents of the dwelling. And the defendant avers that although

said writing designated as a proof of loss was refused by this defendant, with specific objections to the same, that the plaintiff has omitted and neglected to correct the same and make a proof of loss, as required by the terms of the policy, and forward the same to this defendant. And the defendant says that by the terms of said policy, the loss is not payable until the proofs, as required by the policy, are made. And the defendant says that the plaintiff has wrongfully and prematurely brought this suit. And this the defendant is ready to verify, wherefore he prays judgment of the said writ and that the same may be quashed, etc."

To this plea appellee filed three replications. First. That the proofs of loss sent March 16 stated that "the property insured belonged at the time of the fire to S. A. Hedrick, and at the time of effecting the insurance it belonged to S. A. Hedrick;" second, that the preliminary proofs of loss were sent to appellant March 16, 1896, and that appellant, though requested to immediately return them, if defective, refused to answer said request for more than two weeks, and until too late to secure service of process at the coming term of court, by which appellant waived the supposed defects in the proofs.

The third replication set out, verbatim, the entire proofs of loss sent to appellant, concluding with the averment that thereby appellee had complied with all the provisions of the policy.

To these replications appellant interposed a general as well as a so-called special demurrer, which were overruled by the court, and thereupon the court ruled appellant to plead to the declaration, which it refused to do, and elected to stand by its demurrer. The court then entered judgment against appellant by default, and assessed the damages on evidence heard and rendered judgment against appellant for $2,359.90 and

Phoenix Ins. Co. v. Hedrick.

costs, from which appellant prayed an appeal to this court.

LYNCH & BUNCH and R. W. BARGER, attorneys for plaintiff in error.

In a trial by a jury there must be a motion for a new trial, and when the same is overruled an exception to that ruling. East St. Louis Electric R. R. Co. v. Cauley, 49 Ill. App. 314; s. c., 148 Ill. 492.

There is an early decision of the Supreme Court applying the same rule to a trial by the court, but long since overruled or abandoned.

In a trial by the court exceptions may be taken and assigned for error, whether such exception relates to receiving improper, or rejecting proper testimony, or to the final judgment of the court upon the law and the evidence. Starr and Curtis, Par. 61, Ch. 110; Metcalf v. Fouts, 27 Ill. 113; Mahony v. Davis et al., 44 Ill. 288; David M. Force Mfg. Co. v. Horton et al., 74 Ill. 310; Jones v. Buffum, 50 Ill. 277; Hobbs v. Ferguson's Estate, 100 Ill. 232.

PARKE HUTCHINSON and R. S. C. REAUGH, attorneys for defendants in error.

Contended that the general demurrer to the replications opens the entire record; the first question to determine being the sufficiency of the replications; the second being, that in case they are insufficient, is the plea in abatement sufficient, and if not, is appellant in a position to complain of the judgment of the court?

The matter set out in the plea in abatement by way of inducement, is not traversable. Stephens on Pleading, Sec. 243; Gould on Pleading, Part VII, Secs. 57-8.

The only real point made by the plea in abatement

is, that under the policy appellee was required to state in his proofs of loss that he was the owner in fee simple of all the property insured, both real and personal, and that by reason of his failure to do so, that suit was prematurely brought; the plea alleging that appellee did not state in his proofs that he was the owner in fee simple. The plea in abatement does not state what appellee did state in his proofs of loss as a compliance with the policy, but negatively asserts that because he did not do one or perhaps two things, which the policy does not require, but which counsel for appellant think necessary, therefore the suit was prematurely brought. The first and third replications, on the other hand, give the exact facts; show the court just what was done as a compliance with the requirement of the policy; and the demurrer to the replications show that in the plea in abatement there is a willful misrepresentation or suppression of material facts. These facts may be brought to the knowledge of the court by replication so that the court can see by the pleadings just what had been done, and the same conclude with verification. 1 Chitty on Pleading (6 Ed.), sub-head entitled "Replication to Pleas in Abatement," p. 1063. Also: Where the plaintiff confessed the defendant's plea, and avoids it by other new matter, he should not pray damages but must maintain his writ. Chitty on Pleading (6 Ed.), Rep's. to Pleas in Abatement, p. 464.

When a plaintiff replies to a plea in abatement and the defendant demurs to the replication, the plaintiff should not conclude his joinder in demurrer with a prayer of judgment of his debts or damages, but should merely pray that the defendant answer over. 1 Chitty on Pleadings (6 Ed.), 465.

Where a plea in abatement is regularly put in, the

plaintiff may either reply or demur.   If the plea be untrue in fact, he should reply.

The demurrer opens the entire record, and if the plea is bad, in what respect 'can appellant complain? In such case the demurrer would have been carried back to the plea and sustained.   Snyder v. State Bank, Breese, 161; Phoebe (woman of color) v. Jay, Breese, 268; Buckmaster v. Grundy, 1 Scam. 310; Davis v. Wiley, 3 Scam. 234; McDonald v. Wilkie et al., 13 Ill. 25; Peoria & Oquawka R. R. Co. v. Neill, 16 Ill. 271; Adams v. Hardin, 19 Ill. 273; Safford v. Miller et al., 59 Ill. 209; Bracket v. People ex rel., 72 Ill. 596; Chestnut v. Chestnut, 77 Ill. 348.

A party should not demur unless he be certain that his own previous pleading is substantially correct. *   *   * On demurrer the court will consider the whole record and give judgment for the party who thereon appears to be entitled to it.   1 Chitty on Pleading (6 Ed.), 668.

The appellant is not in a position to attack the assessment of damages for the first time in the Appellate Court.   The abstract shows no objections to the introduction of any of the evidence; the only thing it does show is a general exception to the holding of the court; in other words, the judgment.   This can not be said to open the record for the purpose of attacking the evidence on the ground of incompetency after allowing its introduction without objection.

Exceptions to the admission of evidence must be made during the progress of the trial.   A general exception can not be taken to several rulings as an exception in gross, but each exception must be taken to each ruling as it arises on the trial.   Clemson v. Kruper, Breese, 211; Swafford v. Dovenor, 1 Scam. 166; Miere v. Brush, 3 Scam. 23; Hill v. Ward, 2 Gil. 293; Dickhut v. Durrell, 11 Ill. 80; E. St. Louis Electric

R. R. Co. v. Cauley, 49 Ill. App. 314; E. St. Louis
Electric R. R. Co. v. Cauley, 148 Ill. 492.

In Clemson v. Kruper, Breese, 211, the court say:
"It is objected on the part of the defendant in error that
refusing to grant a new trial can not be assigned for
error. It needs no argument nor authority to prove
that a party can not be permitted to assign for error
in this court, any opinion or decision of the Circuit
Court, made or expressed during the progress of a
cause, in the propriety of which at the time of its
occurrence he silently acquiesced." Hill v. Ward, 2
Gil. 293.

Exceptions to evidence must be taken as soon as the
court decides to admit or reject it, though the exception
may be reduced to form afterward. A party can not
assign for error the admission of testimony to which he
did not except. Dickhut v. Durrell, 11 Ill. 80. A
general exception can not be taken to several rulings as
an exception in gross, but each exception must be
taken to each ruling as it arises on the trial. E. St. L.
Electric R. R. Co. v. Cauley, 148 Ill. 492.

Not only was appellant required under the repeated
decision of this court to object to any evidence which it
thought incompetent at the time it was offered, but
after all the evidence was heard, if it failed to warrant
a judgment, it was the duty of appellant to move to set
aside the assessment; and failing to do that, it will be
bound by it.

In case of default, and where exception is desired to
be taken in this court to the improper admission of
evidence taken on the hearing of the assessment of
damages, it is necessary, after the assessment, for the
party objecting to move the court to "set aside the
assessment," and in case of refusal to preserve excep-
tion. Unless this be done no objection can be taken
in this court to the improper admission of evidence.

Beam v. Laycock et al., 3 Ill. App. 44; McCord v. Mechanics' National Bank, 84 Ill. 50.

MR. JUSTICE BIGELOW DELIVERED THE OPINION OF THE COURT.

The first assignment of error questions the ruling of the court in overruling the demurrer.

In the view we take of the pleadings it is unnecessary to pass upon that question, at least so far as the special demurrer is concerned; nevertheless a brief notice of one or more of the grounds of special demurrer may not be unprofitable.

Take the first ground: "Said replications are all special and conclude with a verification." This is only an argumentative way of saying they should conclude to the country.

Take the second ground: "Said replications do not traverse all the facts alleged in the plea." This falls far short of stating what facts alleged in the plea are not traversed.

The other grounds are of similar character. A special demurrer, like a plea in abatement, must be certain to a particular intent. 1 Chitty's Pleadings (8 Am. Ed. from 6 Lond. Ed.), p. 666; Cover v. Armstrong, 66 Ill. 267; Holmes v. C. & A. R. R. Co., 94 Ill. 439; Iron Clad Dryer Co. v. Chicago Trust and Savings Bank, 50 Ill. App. 461.

If it be conceded that the court erred in overruling the general demurrer to the replications, no harm was done appellant if its plea in abatement was bad, since in that case the demurrer should have been carried back and sustained to the plea. P. & Q. R. R. Co. v. Neill, 16 Ill. 270. A demurrer on a record presenting a plea in abatement searches the record back to such plea only, since the plea does not profess to answer the

declaration, but goes only to the writ.  Ryan v. May, 14 Ill. 50.

Was appellant's plea in abatement good? Such a plea ought to be certain to every intent in particular. Parsons v. Case, 45 Ill. 296. The plea, while admitting that some kind of proofs of loss were sent to appellant, does not state their contents, but avers that the proofs did not state and set out the title to the property. This allegation is equally consistent with each of the two theories, viz., either that the proofs were absolutely silent upon the subject of the title to the property or that, though attempting to set out title, they were so defective as not to be a compliance at all with the substantial requirements of the policy in that regard, and so the pleader says the title was not stated. If the latter is meant by the pleader, he is pleading a conclusion of law as applied to the proofs furnished by appellee. To have made his plea good he should have stated precisely and particularly what the proofs showed appellee to have stated in that regard, especially since appellant admits by his plea that proofs of some kind were furnished. To say that a certain document does not state such and such facts may be argumentative, but lacks that precision which is required in saying what facts the document does state. That this plea is an attempt to plead a conclusion of law into the record, is further evidenced by the fact that it avers that appellant wrote appellee that the proofs failed to show that he was sole and unconditional owner in fee of the property, a requirement not demanded by the policy as to the proofs. He was only required to state his title, whatever it was, and that, we are of opinion, could be done by any equivalent terms to fulfill the title he represented himself, in the policy, to be possessed of. Technical nicety was not contracted for. We are of the opinion that the plea in abatement was bad and

that the demurrer should have been carried back to the plea and sustained to it, but because that was not formally done is of no consequence; at least appellant has no reason to complain of it.

The admission of improper evidence on behalf of appellee, as well as the rendering of the judgment in his favor, are assigned for error.

From the view we take of the matter, the judgment by default was properly rendered, since appellant refused to plead to the declaration, and the record is not in condition to pass upon the errors assigned.

The entire cause of action, as stated in the declaration, was admitted by the default, except the amount of damages.

Section 61 of the Practice Act, allowing an exception to the final judgment, to be taken on trials by the court without a jury, and by consent of the parties, has, in our opinion, no application to a case like this. The proceeding to assess the damages was not with appellant's consent, within the meaning of this section. Assessment of damages is in no sense a trial. It is more in the nature of a special proceeding. Under the early common law of this State (and we presume it may still be the law) the sheriff was authorized to execute the writ of inquiry anywhere in the county, and the proceeding need not be in a court at all. Vanlandingham v. Fellows, 1 Scam. 233.

Notwithstanding the section of the statute above referred to, it is still necessary to make a motion to set aside the assessment, and if it is disallowed, to take an exception to the ruling of the court. Beam v. Laycock, 3 Bradw. 44, and cases there cited. No exception was in fact taken to the introduction of evidence on the assessment of damages.

We have examined the evidence and find it not only relevant, but fully sufficient to support the judgment.

As to the evidence introduced by appellee to prove title, that, also, we think, is sufficient to fulfill the requirements of the policy, but whether it is or not is immaterial, as the default admitted all the facts pleaded in the declaration, and its sufficiency has not been. challenged.

Finding no error in the record requiring a reversal of the judgment, it is affirmed.