Harding v. Horton.

### George F. Harding v. Lillie Horton.

79    123
94    ¹513

1. PRACTICE—*Pleas Puis Darrein Continuance.*—Where the plea of *puis darrien continuance* is filed, it is not error to strike all previous pleas from the files.

2. SAME—*Damages Where a Defendant Elects to Stand by His Plea.*—Where a defendant elects to stand by his plea, the court may proceed to assess the damages without entering a default against him.

3. PLEAS—*Puis Darrein Continuance—What They Admit.*—A plea of *puis darrien continuance* supersedes all other pleas and defenses, and admits the plaintiff's cause of action to the same extent as if no other plea is filed or defense urged.

4. SAME—*Containing Matter in Abatement.*—A special plea which commences and concludes as a plea in bar, but contains matter in abatement of and not in bar of the action, is bad on demurrer.

5. SAME—*Conclusion of Special Pleas.*—A special plea, which does not conclude with a verification, is bad on demurrer.

Debt, on an appeal bond. Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Judgment for plaintiff upon demurrer. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed. Opinion filed December 6, 1898.

### STATEMENT OF CASE.

Appellee brought an action of debt against appellant January 22, 1897, on an appeal bond given on appeal from the Circuit Court of Cook County to the Appellate Court of the First District of Illinois, in which the Fireman's Insurance Company was principal, appellant surety, and appellee the obligee. The condition of the bond, after reciting the judgment and appeal, provides that if the said company shall duly prosecute said appeal with effect, and moreover pay the amount of the judgment, costs, interest and damages rendered and to be rendered against it, in case the said judgment shall be affirmed in said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue.

Appellant pleaded *non est factum*, performance of the conditions and agreements of the bond, also a plea against the further maintenance of the action, averring that after January 21, 1897, the day on which the Appellate Court affirmed the judgment of the Circuit Court, and on February 1, 1897, the insurance company prayed an appeal to the Supreme Court from the judgment of affirmance, which was allowed on condition that the insurance company file its appeal bond in $2,000 in twenty days; that on February 4, 1897, the insurance company filed such bond, which was approved by the Appellate Court; that thereby an appeal was perfected, which is still pending; but containing no verification and concluding with a prayer for judgment against further maintaining the action; also a further plea, the same in substance as the latter, except that it concludes with a verification and prayer for judgment. The pleas of *non est factum* and performance were stricken from the files on motion of plaintiff.

Plaintiff demurred specially to the pleas *puis darrein continuance*, assigning four separate causes of demurrer (mentioned in the opinion) as to each of said pleas, and the demurrer was sustained.

The defendant having elected to stand by his pleas, thereafter the court assessed the damages without entering

defendant's default, and rendered judgment against appellant in the sum of $2,000 debt and damages $1,710.43, debt to be discharged, etc., from which judgment this appeal is taken.

Wm. J. Ammen, attorney for appellant.

Moses, Rosenthal & Kennedy, attorneys for appellee.

Mr. Presiding Justice Windes delivered the opinion of the court.

Appellant claims it was error, first, to strike from the files the pleas of *non est factum* and performance; second, to sustain the demurrer to the other two pleas; third, to proceed with the assessment of damages without defaulting defendant; fourth, to refuse to admit in evidence the transcript of proceedings in the Appellate Court; fifth, to refuse the propositions of law asked by appellant; sixth, to include in the judgment costs shown by the Circuit Court transcript offered in evidence.

1st. The two pleas, other than those of *non est factum* and performance, are pleas *puis darrein continuance*. They supersede all other pleas and defenses and admit the plaintiff's cause of action to the same extent as if no other defense had been urged than that set forth in these pleas. City of E. St. Louis v. Renshaw, 153 Ill. 496, and cases cited.

There was therefore no error in striking from the files the other two pleas.

2d. It is claimed by counsel that the trial court sustained the demurrer to the pleas *puis darrein continuance*, or, as he calls them, his two special pleas, because they did not confess the right of plaintiff to recover costs up to the time they were filed. If the judgment of the court was right, it is immaterial what reason was given therefor, but we think this was a sufficient reason to sustain the special demurrer.

Moreover, both pleas are bad because they fail to answer the whole of the declaration. One of the conditions of the bond was to prosecute the appeal with effect. This

appellant failed to do, and neither of the pleas answers the declaration in that respect.   Cook v. King, 7 Ill. App. 549; Vinyard v. Barnes, 124 Ill. 346.

The first of the special pleas is also bad because it does not conclude with a verification.   Stephen's Pl. 266, 289.

The second special plea is bad, because in its commencement and conclusion it is a plea in bar, but the matters set forth in the plea are in abatement and not in bar of the action.   Pitts' Sons' Mfg. Co. v. Com. Nat. Bk., 121 Ill. 586, and cases there cited.

3d.   The defendant, having elected to stand by his pleas, was not in default, and there was no error in proceeding to assess the damages without entering the default of defendant.

4th.   This ground of error is not available to appellant, because he had no pleas before the court, and the transcript offered was not pertinent nor material in the assessment of damages.

5th.   All the propositions of law on behalf of defendant required either a finding and judgment for defendant, or a finding and judgment for defendant except as to the amount of plaintiff's costs, and were therefore properly refused, the defendant having no pleading before the court answering the declaration, and the evidence as to damages justifying, as it does, the finding and judgment of the court.

6th.   We see no error in allowing as damages the costs shown by the transcript from the Circuit Court, but if it were error, appellant can not avail of it on this record, there being no motion to set aside the assessment of damages, nor any objection by defendant to the court's including in its assessment, the items of costs in question.   Phoenix Ins. Co. v. Hedrick, 73 Ill. App. 601.

The judgment is affirmed.