Benes v. Bankers Life Ins. Co. of Nebraska, 204 Ill. App. 425.

partnership formerly existing between certain three defendants was terminated prior to the recovery of a certain judgment against one of them, and that such one had thereafter no interest in the copartnership or in its funds except as an employee.

2.  PARTNERSHIP, § 259*—*when evidence is sufficient to show that partnership was not indebted to retiring partner.* On a creditor's bill on a judgment against a retiring member of a partnership, evidence *held* sufficient to show that the partnership was not indebted to the partner at the time of the commencement of the suit.

---

## James C. Benes, Appellee, v. Bankers Life Insurance Company of Nebraska, Appellant.

### Gen. No. 22,739.

1.  INSURANCE, § 583*—*when special plea alleging lapse of life policy is bad.* In an action to recover on a life insurance policy, a special plea alleging that the policy had lapsed by failure to pay a premium due on a certain date, *held* bad on demurrer, because for aught appearing therein such premium was not due until after the insured's death, and also because the forfeiture was conditioned in the policy upon "failure to pay premiums."

2.  INSURANCE, § 583*—*what is better practice in presenting issue of forfeiture.* The better practice in presenting an issue of forfeiture of an insurance policy is by a special plea.

3.  INSURANCE, § 583*—*when immaterial whether special plea of forfeiture is good or bad.* Unless the court rejects evidence of a special plea of forfeiture of a life insurance policy, when offered under the general issue, it is not material whether the plea is good or bad.

4.  INSURANCE, § 611*—*what premiums plaintiff must prove payment of.* In an action to recover on a life insurance policy, the plaintiff is not bound to prove the payment of all premiums but only that of the first, in some form.

5.  INSURANCE, § 659*—*what constitutes prima facie proof of payment of first premium.* Delivery of a life insurance policy and its possession by the insured is prima facie proof of payment of the first premium.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. INSURANCE, § 611*—*when insurer must prove default in payment of premiums.* Default in payment of a life insurance premium after the first which avoids or forfeits the policy is a defense which must be proved by the insurer.

7. EVIDENCE, § 34*—*when continuance of existence of subject-matter or relation presumed.* Where the existence of a particular subject-matter or relation has once been proved its continuance is presumed until proof is given to the contrary.

8. INSURANCE, § 384*—*when formal objections by insurer deemed waived.* Where an insurance company after a loss places its refusal to pay upon some ground not affecting the merits of the case, as want of proper notice, all other formal objections, as proof of death, not then complained of or pointed out will be regarded as waived.

9. INSURANCE, § 582*—*when plea insufficient.* In an action by the party holding the legal title to recover on an insurance policy, a plea that some other person had the equitable title, *held* not to state a sufficient defense.

10. INSURANCE, § 660*—*what constitutes prima facie case in action on life policy.* In an action to recover on a life insurance policy, introduction of the policy and evidence of waiver of proofs of death, *held* to make a prima facie case.

11. EVIDENCE, § 165*—*what constitute self-serving statements.* In an action on an insurance policy, *held* that letters of the defendant tending to show nonpayment of a premium could not be availed of by him, as they were self-serving statements.

Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed March 26, 1917. Rehearing denied April 9, 1917.

E. I. FRANKHAUSER, for appellant; C. PETRUS PETERSON and RICHARD H. COLBY, of counsel.

D. RYAN TWOMEY, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is a suit upon an insurance policy on the life of Edward J. Benes, brought by his brother, the only surviving heir. Upon trial by the court plaintiff had judgment for $1,270.84, from which defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Defendant filed the plea of general issue and a number of special pleas. By one of these it was asserted that the policy had lapsed by reason of the failure of Edward Benes, the insured, to pay a premium due January 12, 1911. To this a demurrer was filed and sustained. We hold that the demurrer was properly sustained for the reason that (1) for aught that appears in the plea the premium which it was alleged had not been paid was not due until after the death of the insured, and (2) a forfeiture of the policy is conditioned upon "failure to pay premiums." Construing this strictly, as we must, the nonpayment of one premium would not be sufficient ground for forfeiture.

It is argued by defendant's counsel that the only manner in which the issue of forfeiture can be presented is by special plea; this has been the practice in this State; and we are inclined to think it is the better practice, although we are referred to no authority holding definitely that a forfeiture for failure to pay premiums may not be proven under the plea of general issue. However, defendant did not offer any evidence of forfeiture upon the trial. It has been held that unless the court rejected evidence of the defendant's plea when offered under the general issue, it is not material whether the special plea was good or bad. *Travelers' Preferred Acc. Ass'n v. Moore,* 58 Ill. App. 634, and cases therein cited.

Upon the trial defendant seems to have proceeded upon the theory, which is urged upon us, that as plaintiff failed to prove the payment of all premiums upon the policy accruing before the death of the insured the claim must fall. We do not agree with this contention, and the cases cited in support thereof do not so decide. This court is in accord with the concurring opinion of Mr. Justice Brown and Mr. Justice Adams appearing in *Globe Mut. Life Ins. Ass'n v. March,* 118 Ill. App. 261. It was there said, in substance, that payment of the first premium must be proven in some form by the

plaintiff, but the delivery of the policy by the insurer and its possession by the insured is prima facie proof of this payment, and that default in subsequent payments which avoids or forfeits the policy is a defense which must be proven by the insurer. We see no reason to depart from the general rule that the burden of proving any forfeiture of a contract once entered into is upon the party claiming it, for it is a general rule that when the existence of a particular subject-matter or relation has once been proved its continuance is presumed until proof be given to the contrary. *Schroeder v. Trade Ins. Co. of Camden*, 109 Ill. 157, 163.

The defense of failure of proof of death is without merit, for the reason that the defendant based its refusal to pay solely upon the ground of a lapse in the policy, and by so doing waived formal proofs of death. "It is well settled, that where an insurance company, after a loss has occurred, places its refusal to pay upon some ground not affecting the merits of the case, as, for instance, want of proper notice, all other formal objections not then complained of or pointed out will be regarded as waived." *Continental Life Ins. Co. v. Rogers*, 119 Ill. 474, 487; also *Supreme Lodge C. M. P. v. Meister*, 204 Ill. 527.

The plea that some other person had the equitable title did not state a sufficient defense; plaintiff had the legal title, which permitted him to bring the suit. *Illinois Conference v. Plagge*, 177 Ill. 431.

Plaintiff made out a prima facie case by the introduction of the policy and evidence of waiver of proofs of death. Statements in the letters of the defendant tending to show the nonpayment of a premium cannot be availed of by the defendant, as these are self-serving statements.

No evidence was offered in defense, and the court was justified in its finding and judgment. The judgment is affirmed.

*Affirmed.*